98 So.2d 490 (1957)
John M. BESS, Appellant,
v.
17545 COLLINS AVENUE, Inc., a Florida corporation, doing business as Cavalier Motel, Appellee.
Supreme Court of Florida.
November 27, 1957.
Aaron A. Foosaner, Miami, for appellant.
Arthur W. Primm, Miami, for appellee.
O'CONNELL, Justice.
John M. Bess, the appellant, as plaintiff in the trial court sued the appellee, defendant below, for personal injuries alleged to have been sustained by him while a paying guest of an oceanside motel owned and operated by defendant in Dade County.
Bess alleged that the defendant was negligent in maintaining a metal pipe across a walkway located atop a concrete bulkhead or wall, which wall separated the swimming pool area of the motel from the beach to the east. The metal pipe was alleged to have been raised approximately 1 1/2 inches above and painted the same color as the concrete walkway. Bess alleged that in walking *491 on said walkway he tripped on the pipe and fell down suffering the customarily alleged injuries.
The defendant filed a motion to dismiss and a motion to strike. The court reserved ruling on both until pretrial conference. Defendant then filed its answer in which it admitted only its operation of the motel, denied any negligence on its part and alleged contributory negligence on the part of Bess.
Neither party made motion for summary judgment. There were no affidavits, depositions or admissions filed in the cause. When the cause came before the trial judge for pre-trial conference only the pleadings in the cause were before him.
The minutes of the pre-trial conference reveal that the defendant motel admitted that the plaintiff Bess was a paying guest at the motel and that he had suffered a fall on its premises.
These minutes further reveal that during the course of the pre-trial conference and while the attorney for Bess was relating to the court what he expected to prove at the trial, the trial judge interrupted to inquire if photographs of the scene of the alleged accident were to be offered in evidence.
Defendant produced two photographs which counsel for both parties admitted correctly portrayed the conditions prevailing at the time of the accident and agreed could be introduced in evidence at the trial. The photographs were obviously taken during the morning hours since the pipe in question is covered by shadows falling on the west side of a post located near it. The court was advised by counsel for plaintiff that the accident occurred in mid-afternoon and that the plaintiff had not used the walkway in question prior to the accident.
During the discussion which followed the trial judge said:
"Now, this condition is an obvious one, it seems to me, and I do not see why I should trip or fall as a result of the placing of this piping, unless I am simply not exercising due caution for my own safety."
Plaintiff's counsel then commented that the color of the pipe was the same as of the concrete walk, causing the pipe to blend so well with the walk that it was impossible to see it. He surmised that the pipe was laid and painted at the same time the walk was laid, whereupon the court replied:
"It will be a jury question, although I doubt it."
Defendant's counsel seized upon that opportunity to comment on the numerous holdings of this Court that a hotel owner is not an insurer of the safety of its guests. He argued that since it was a bright day the condition was obvious to the plaintiff and he was contributorily negligent in walking over it. The court replied:
"I think so, too. I simply cannot see why people cannot exercise some care for their own protection."
Thereafter the trial judge stated that he was disposed to enter, on his own initiative, summary judgment for the defendant, and directed that the two photographs, above-mentioned, be appended to the pre-trial minutes, "as a basis for the Court's decision."
Summary judgment was entered for the defendant and this appeal was taken.
Plaintiff, on appeal, contends that there were genuine issues of material fact not admitted or resolved at the time of the entry of the summary judgment, and that the trial judge wrongfully acted as a trier of these facts. We agree.
It is apparent from the foregoing that the trial judge granted summary judgment on the basis of the scene shown in the two photographs.
While we have previously held that a trial judge may at a pre-trial conference enter summary judgment on his own motion, in each case we observed that such procedure should be employed with an abundance. *492 of caution. Roberts v. Braynon, Fla. 1956, 90 So.2d 623, and cases therein cited. As we said in Hillsborough County v. Sutton, 1942, 150 Fla. 601, 8 So.2d 401, 402,
"* * * If the conference (pre-trial) progresses to the point of eliminating all questions of fact then the court may give judgment according to the law on the facts before him. * *"
In the case before us we are not of the opinion that the facts in the case were eliminated, admitted, settled, or crystallized to the point that there remained nothing further to be done but to apply the law to them. As above stated the only ultimate facts admitted were the operation of the motel, the paying guest status of and the fall by the plaintiff.
The only other evidence or facts before the trial judge were the two photographs and scene shown therein. In essence these photographs show what appears to be a concrete surface or cap constructed atop a wall or bulkhead which wall serves to separate and retain the swimming pool area of the defendant from the beach. At one point a metal pipe runs across and approximately one to two inches above the surface of the cap, which plaintiff in his pleadings refers to as a walkway. Because in the photographs the pipe is in shadows it is difficult to be certain but it does appear that the pipe and the surface under it are of the same color.
While we are careful not to express an opinion that the photographs do reflect a hazardous or dangerous condition which would constitute negligence on the part of defendant, we do say that the photographs can not be said to establish, as a matter of law, that the defendant was not negligent, or that the plaintiff was guilty of contributory negligence.
We feel this to be a case extremely close on the question of negligence and contributory negligence and in such cases the doubt thereon should always be resolved in favor of a jury trial. As shown by the statements of the trial judge, above cited, he himself was in doubt thereon.
We do not intend to hold here that photographs can never be used as the basis for a summary judgment. There are doubtless many instances where, because of the issues involved and the conclusive nature of the photographs, the photographs may be dispositive of a cause, but this is not such an instance.
It is clear to us that reasonable men might justifiably make different inferences and deductions and reach different conclusions from these photographs. Where this appears it is the province of the jury to make such deductions and inferences. See Goff v. Miami Transit Co., Fla. 1955, 77 So.2d 636. In such cases it cannot be said that there is no genuine issue of material fact to be determined.
Nor is the fact that in the photographs the condition appears to be an obvious one, or visible, as stated by the trial judge, sufficient as a matter of law to charge the plaintiff with contributory negligence and bar recovery as the trial judge apparently concluded. See City of Jacksonville v. Stokes, Fla. 1954, 74 So.2d 278.
Accordingly this cause is reversed with directions that further proceedings be had in accordance with law.
TERRELL, C.J., and THOMAS, DREW and THORNAL, JJ., concur.
ROBERTS, J., dissents.