HORTON, Judge.
The appellees recovered a judgment after a jury trial for personal injuries allegedly sustained by the appellee, Oma *885 Parker, while she was shopping in the appellant’s supermarket. The appellee allegedly tripped over an apple box placed adjacent to a fruit display counter, causing her to fall to the floor and injure herself. The box was being used to display apples.
On appeal from the judgment, the appellant makes only one contention for reversal: Did the court err in refusing to direct a verdict for appellant when the object over which the appellee tripped was so apparent as to indicate a total disregard by the appellee of an obvious danger? The appellant relies upon the case of Fredrich’s Market, Inc., v. Knox, Fla. 1953, 66 So.2d 251.
This court has carefully considered the facts in this case in light of the decision and facts in Fredrich’s Market, Inc., v. Knox, supra, and it is apparent that there are striking similarities between the facts in the two cases. However, in the case at bar, considering the pleadings as well as the evidence developed at the trial, we cannot, as a matter of law, conclude that the appellee was guilty of contributory negligence; nor was the evidence of appellant’s lack of negligence so clear and apparent as to warrant a directed verdict. The trial judge submitted the case to the jury on conflicting evidence and it resolved such conflicts in favor of the appel-lees.
Under the circumstances of this case, we do not feel constrained to substitute our judgment for that of the jury. The judgment appealed accordingly is affirmed.
Affirmed.
PEARSON, J., and CRAWFORD, GRADY L., Associate Judge, concur.