106 So.2d 428 (1958)
Elva BUCK and Lawrence Buck, her husband, Appellants,
v.
Grace HARDY, a widow, and Emanuel B. Naftel, Appellees.
No. 58-275.
District Court of Appeal of Florida. Third District.
November 6, 1958.
Rehearing Denied December 5, 1958.
Henry R. Carr and Marshall G. Curran, Jr., Miami, for appellants.
Wicker & Smith, Miami, and Stephen C. McAliley, Jacksonville, for appellees.
BARNS, PAUL D., Associate Judge.
The Bucks, appellant-plaintiffs, brought an action against the appellee-defendants alleging negligence. The appellants were tenants of the defendants. The defendants denied the allegation of the complaint and plead contributory negligence. After the pleadings were settled the defendants moved for a summary judgment. The motion was granted and from the adverse summary judgment the plaintiffs appeal. We find error and reverse.
The burden of showing the absence of any genuine issue as to all material facts, which under the substantive *429 law would entitle the plaintiff to a judgment, is upon the defendant-movants. The Court in ruling on the motion is required to draw all reasonable inferences of fact from the proofs proffered in favor of the adversary and against the movant. Warring v. Winn-Dixie Stores, Inc., Fla.App. 1958, 105 So.2d 915; 6 Moore's Federal Practice (2nd Ed.), par. 56.15(3), p. 2123.
The only proof proffered by the defendant was the depositions of the plaintiffs. Applying the foregoing rule of law then under the basic facts established by the testimony of the plaintiffs' depositions and drawing all inferences of fact in favor of the plaintiffs the following facts are shown:
Mr. and Mrs. Buck were tenants of the defendant and occupied an apartment on the second floor and the mail boxes were on the first floor on the side of a four foot terrazzo walk way. On the morning of the accident Mrs. Buck went for the mail. She fell and was injured by reason of the fall; she became temporarily unconscious and has no memory of what caused her to fall. Upon gaining consciousness she felt pain and was wet and was at the place where she fell, and she directed the landlord's attention to the water when he came to her assistance. There was a depression in the terrazzo where water would accumulate when it rained on the terrazzo walk way.
Florida Rules of Civil Procedure, Rule 1.36(c), 30 F.S.A., like Federal Rules of Civil Procedure, Rule 56(c), 28 U.S.C.A., provides that the court in passing on a motion for a summary judgment or decree shall forthwith render the judgment "* * * if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law. * * *."
The function of the court in passing on a motion for a summary judgment is to determine whether there is a genuine issue of any material fact and not to determine any issue of fact. Did the defendant affirmatively establish the absence of a genuine issue as to all material facts by the basic facts established and the favorable inferences of fact above recited? We think not. As stated by Moore "* * * issues of negligence, including such related issues as contributory negligence, are ordinarily not susceptible of summary adjudication either for or against the claimant, but should be resolved in the ordinary manner." 6 Moore's Federal Practice (2d Ed.), par. 56.17(42), p. 2232. Warring v. Winn-Dixie Stores, Inc., Fla. App. 1958, 105 So.2d 915, supra.
The judgment appealed from is
Reversed.
CARROLL, CHAS., C.J., and HORTON, J., concur.