126 So.2d 575 (1961)
H.B. PURDON and Mattie B. Purdon, his wife, Appellants,
v.
Joe COHEN d/b/a Venice Linen Shop, Appellee.
No. 1601.
District Court of Appeal of Florida. Second District.
February 10, 1961.
Hamilton, Nason & Williams, West Palm Beach, for appellants.
Jones, Adams, Paine & Foster, West Palm Beach, for appellee.
GERALD, LYNN, Associate Judge.
The appeal is from a summary judgment entered in favor of the defendants in a negligence action brought to recover for injuries sustained by appellant, Mattie B. Purdon, when she fell down in defendant's store. The judgment was entered primarily on consideration of statements made by plaintiff in her deposition, which the Court held showed contributory negligence as a matter of law.
Mattie B. Purdon, a 60 year old housewife, went shopping in defendant's store for some rugs which had been advertised. She was met at the front door by a salesman who informed her that the rugs were in the back of the store. The salesman then led the way to the back of the store, Mrs. Purdon walking about five feet behind him. She tripped over a tripod holding a light that was a part of a photographer's equipment (the photographer was there at the instance of the owner of the store). One leg of the tripod extended out into the aisle at the bottom of the counters. She did not see the tripod leg but was looking toward the direction in which the salesman was leading her, that is, the rug display; she was about five feet to the rear of the salesman and apparently he was about five feet from the rug display.
The deposition of Mrs. Purdon discloses:
"Q. It was clearly visible there, had you been looking in that direction, is that right? A. Yes, I guess so." (Italics supplied.)
The Supreme Court in City of Jacksonville v. Stokes et al., 74 So.2d 278, at text page 278, said:
"If visibility alone settled contributory negligence every case of slipping on a floor or of encountering any stationary object would automatically be a case of nonliability for in all these cases the condition which caused the harm was visible. The question always is whether the plaintiff used due care for his own safety, taking into account all the circumstances, of which the visibility of the object encountered is an important one, but still only one of the circumstances.
"The question is whether one should be aware of the danger. This depends *576 largely upon the likelihood of encountering danger. Very rarely do objects from above cause us harm, so persons are not careless who do not go about examining the sky. One need not look for danger unless there is reason to expect it."
See also Shell's Super Store, Inc. v. Parker, Fla.App. Third District, 103 So.2d 884.
We believe that a question for a jury is produced here and the judgment is accordingly reversed.
KANNER, Acting C.J., and SHANNON, J., concur.