133 So.2d 573 (1961)
Alice HANSON and Jacob Hanson, Her Husband, Appellants,
v.
SHELL'S CITY, INC., a Florida corporation, Appellee.
No. 60-711.
District Court of Appeal of Florida. Third District.
October 16, 1961.
Rehearing Denied November 2, 1961.
*574 Welsh, Cornell, Pyszka & Carlton, Sam Daniels, Miami, for appellants.
Charles C. Papy, Jr., Miami, for appellee.
Before CARROLL, BARKDULL and HENDRY, JJ.
HENDRY, Judge.
This is an appeal from a summary judgment entered in favor of the defendant in a negligence action brought to recover damages for injuries sustained by the appellant, Alice Hanson, when she fell in the defendant's parking lot. The judgment was entered primarily on consideration of the deposition of the plaintiff and certain photographs of the area of the accident which in the opinion of the trial judge showed contributory negligence as a matter of law.
Alice Hanson, a seventy-two year old housewife went shopping with her husband in the defendant's supermarket. Mrs. Hanson was let out of the car in front of the store while her husband went to park the car in the parking lot. He then joined Mrs. Hanson in the store and together they made several purchases. Mr. Hanson and a "bag boy" left the store with the purchases ahead of Mrs. Hanson. After waiting for some traffic to pass, she crossed the street to the parking lot. She was looking for her husband and the "bag boy" when she spotted the family car and thereupon stepped from the sidewalk into the parking lot where she fell and sustained personal injuries. The complaint alleges that the general area of the fall was built up with an accumulation of surplus asphalt over the normal surface and that there was a hole in such surface with a pipe protruding therefrom.
The deposition of Mrs. Hanson discloses in part as follows:
"Q. Now, how far off the sidewalk were you, approximately, when you fell? * * * A. I wasn't looking at the sidewalk or what was in front of me. I was looking at where the car was.
"Q. Now, there was nothing to obstruct your view of the hole, had you been looking down at the time that you stepped off the sidewalk? A. No."
Even if such testimony warrants the conclusion that the area alleged to be defective would have been visible to Mrs. Hanson had she been looking in that direction and not for her car, the question of contributory negligence would still be open. The Supreme Court in City of Jacksonville v. Stokes et al., Fla. 1954, 74 So.2d 278, said:
"* * * If visibility alone settled contributory negligence every case of slipping on a floor or of encountering any stationary object would automatically be a case of non-liability for in all these cases the condition which caused the harm was visible. The question always is whether the plaintiff used due care for his own safety, taking into account all the circumstances, of which the visibility of the object encountered is an important one, but still only one of the circumstances."
See also Purdon v. Cohen, Fla.App. 1961, 126 So.2d 575; Warring v. Winn-Dixie Stores, Inc., Fla.App. 1958, 105 So.2d 915; *575 Shell's Super Store, Inc. v. Parker, Fla. App. 1958, 103 So.2d 884.
In the case at bar, the deposition of Mrs. Hanson and the exhibits contained in the record do not show contributory negligence as a matter of law, and accordingly, it was error to summarily adjudicate that question. It follows, therefore, that the judgment appealed from be reversed.
It is so ordered.