133 So.2d 651 (1961)
Viola H. HOLMES and L.W. Holmes, her husband, Appellants,
v.
FORTY-FIVE TWENTY-Five, INC., a Florida corporation, Beach Concessions, Inc., a Florida corporation, and National School Boards Association, Inc., a foreign corporation, jointly and severally, Appellees.
No. 61-25.
District Court of Appeal of Florida. Third District.
October 19, 1961.
Rehearing Denied November 10, 1961.
Alexander S. Gordon and Leonard Rivkind, Miami Beach, for appellants.
Blackwell, Walker & Gray and Louis L. LaFontisee, Jr., Miami, for Forty-five Twenty-five Corp.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell and Paul A. Carlson, Miami, for National School Boards Ass'n, Inc.
Carey, Goodman, Terry, Dwyer & Austin and Joseph McGowan, Miami, for Beach Concessions, Inc.
Before HORTON, BARKDULL and HENDRY, JJ.
HORTON, Judge.
The appellants, who were the plaintiffs in a tort action, appeal from adverse summary final judgments. The action grew out of injuries which the appellant Viola Holmes suffered when she fell in the area known as the basement and garage of the Eden Roc Hotel.
The hotel is owned by the Forty-five Twenty-five, Inc., which leases the basement and garage area to the Beach Concessions, Inc. Beach concessions sublet the area to the National School Boards Association for use as a registration and exhibition area during its convention. Viola Holmes was a paying guest in the hotel and had gone to the basement and garage to register as a delegate to the convention. While she was in one of several lines moving forward to the registration desk, she fell down some steps near the entrance to the garage.
Appellants brought suit, joining Forty-five Twenty-five, Inc., Beach Concessions and National School Boards as defendants. The complaint alleged, inter alia, that the area where Mrs. Holmes fell was under the care, control and possession of each of the defendants, or, in the alternative, under their joint care, control or possession, and the injuries suffered by her were caused solely and proximately by each of the defendants, or in the alternative, by their joint and concurrent negligence. The defendants *652 filed separate answers. Forty-five Twenty-five, Inc., admitted ownership of the hotel and denied all else. Beach Concessions and National School Boards answered in the nature of a general denial. All defendants alleged as a matter of affirmative defense that Mrs. Holmes had been guilty of contributory negligence.
The defendants individually moved for summary judgment. The trial court had before it at the hearing on these motions the pleadings, the interrogatories to and answers from Mrs. Holmes, and certain depositions. The court granted summary judgments in favor of each defendant and this appeal followed.
The determinative question here is whether the trial court erred in concluding there existed no genuine issues of material fact. We find that it did.
Under the summary judgment procedure, it is the function of the court to determine whether there exist any genuine issues of material fact and not to decide such issues. Buck v. Hardy, Fla.App. 1958, 106 So.2d 428. In Drahota v. Taylor Construction Co., Fla. 1956, 89 So.2d 16, 18, the Supreme Court of Florida said:
"The constitutional right to jury trial demands that particular care be accorded in this field, to the end that controverted issues of fact be resolved not upon pleadings and depositions but by a jury functioning under proper instructions."
Negligence cases are extremely troublesome due to the varied fact situations which they present. It has been held that where the case is extremely close on the question of negligence or contributory negligence, "doubt * * * should always be resolved in favor of a jury trial." Bess v. 17545 Collins Ave., Inc., Fla. 1957, 98 So.2d 490, 492.
From the record, it would appear that in the instant case there are genuine issues of material fact which should have been submitted to a jury, i.e., (1) did the defendants or any of them owe a duty to the plaintiffs? (2) if so, did the defendants or any of them breach that duty by failing to provide a reasonably safe place to register or under the circumstances to warn plaintiff of the danger of falling? (3) was plaintiff guilty of contributory negligence in failing to observe the condition which caused her fall?
Reversed and remanded for further proceedings not inconsistent herewith.