PER CURIAM.
Plaintiff seeks review of a summary final judgment in favor of the defendant, holding that plaintiff was guilty of contributory negligence as a matter of law.
The record reflects that the defendant maintained on its premises a concrete loading platform, the outer edge of which was protected by a four-inch-thick wooden bumper. Upon arriving at defendant’s place of business for the purpose of making a delivery, plaintiff mounted the platform by way of a stairway located at one end. Later, when called upon to move his truck, plaintiff was about to jump from the platform to ground level, a distance of approximately three and one-half feet, rather than descend by the stairway, when the wooden bumper gave way and he fell to the ground and was injured.
The determinative question here is whether the trial court erred in concluding that there existed no genuine issue of fact. We find that it did.
The function of the court under the summary judgment procedure is to determine whether there exist any genuine issues of material fact, not to decide such issues. Buck v. Hardy, Fla.App.1958, 106 So.2d 428; Holmes v. Forty-five Twenty-five, Inc., Fla.App.1961, 133 So.2d 651. This rule is applied with particular caution in negligence cases which are extremely troublesome due to the varied fact situations which they present. Saunders v. Kaplan, Fla.App.1958, 101 So.2d 181; Shapiro v. F. W. Woolworth, Fla.App.1960, 120 So. 2d 806; Holmes v. Forty-five Twenty-five, Inc., supra. In Buck v. Hardy, supra, this court, citing 6 Moore’s Federal Practice (2d Ed.), said:
“[Ijssues of negligence, including such related issues as contributory negligence, are ordinarily not susceptible of summary adjudication either for or against the claimant, but should be resolved in the ordinary manner.”
Where the case is close on these issues, doubt should always be resolved in favor of a jury trial. Bess v. 17545 Collins Ave., Inc., Fla. 1957, 98 So.2d 490; Holmes v. Forty-five Twenty-five, Inc., supra.
From the record, it would appear that in the instant case there was a genuine *272 material issue as to whether plaintiff was guilty of contributory negligence.
Defendant relies heavily on the doctrine that one having a choice between two courses of conduct is contributorily negligent as a matter of law in pursuing a course which is dangerous rather than one which is safe where an ordinarily prudent person would not have so chosen. It should be pointed out that for this doctrine to apply it must appear that one knew and appreciated, or in the exercise of ordinary care, should have known and appreciated, that the course chosen was not unlikely to result in his injury. See 65 C.J.S. Negligence § 123; 23 Fla.Jur., Negligence, § 80. The record here indicates that there was nothing visibly wrong with the bumper. The question thus becomes one of whether plaintiff’s injury was caused by his choice of routes or by defendant’s maintenance of a defective platform. This question is properly for a jury.
Reversed and remanded for further proceedings not inconsistent herewith.