141 So.2d 302 (1962)
DAVID D. QUINN and Beverly Quinn, his wife, Appellants,
v.
I.C. HELMLY FURNITURE COMPANY, Inc., a Florida corporation, Appellee.
No. 61-651.
District Court of Appeal of Florida, Third District.
May 22, 1962.
*303 Fleet & Gusky, Hollywood, for appellants.
Smith, Poole & Pahules, for appellee.
Before HORTON, CARROLL and HENDRY, JJ.
HORTON, Judge.
The plaintiffs, husband and wife, seek review of an adverse summary final judgment entered consequent upon the granting by the trial court of defendant's motion.
Plaintiff wife was injured when, upon leaving defendant's store in which she had been shopping, she slipped and fell on a part of the sidewalk adjacent to the entranceway, which had been made slippery by the discharge of water from defendant's down spout. The day was clear and dry. The slippery spot was about a foot wide and extended from the down spout across the sidewalk to the curb. Its dark green color contrasted with the light color of the sidewalk and would have been visible to plaintiff wife had she been looking in that direction.
Plaintiffs brought suit against defendant for negligence. Defendant answered pleading contributory negligence as an affirmative defense. Subsequently, defendant moved for summary judgment. After hearing, the trial court granted defendant's motion and entered the order appealed.
Appellants contend the trial court erred since there are present genuine issues of material fact which preclude disposition of this case by summary adjudication. We find this contention has merit.
The function of the court under the summary judgment procedure is to determine whether there exist any genuine issues of material fact, not to decide such issues. Foster v. Gulfstream Press, Inc., Fla.App. 1961, 134 So.2d 270; Holmes v. Forty-Five Twenty-Five, Inc., Fla.App. 1961, 133 So.2d 651; Buck v. Hardy, Fla.App. 1958, 106 So.2d 428. In Buck v. Hardy, supra, this court said:
"[I]ssues of negligence, including such related issues as contributory negligence, are ordinarily not susceptible of summary adjudication either for or against the claimant, but should be resolved in the ordinary manner."
Where the case is close on these issues, doubt should always be resolved in favor of a jury trial. Holmes v. Forty-Five Twenty-Five, Inc., supra; Bess v. 17545 Collins Ave., Inc., Fla. 1957, 98 So.2d 490.
Applying these principles to the case at bar, we find that, though a jury upon consideration of all the circumstances might find that plaintiff wife was guilty of contributory negligence, the record does not indicate that she was guilty of contributory negligence as a matter of law. Accordingly, it was error to summarily adjudicate that question. This is so even though the record may warrant the conclusion that the spot upon which plaintiff wife fell would have been visible to her had she been looking in that direction. The Supreme Court of Florida, in City of Jacksonville v. Stokes, Fla. 1954, 74 So.2d 278, said:
"* * * If visibility alone settled contributory negligence every case of slipping on a floor or of encountering any stationary object would automatically be a case of non-liability for in all *304 these cases the condition which caused the harm was visible. The question always is whether the plaintiff used due care for his own safety, taking into account all the circumstances, of which the visibility of the object encountered is an important one, but still only one of the circumstances."
See also Hanson v. Shell's City, Inc., Fla. App. 1961, 133 So.2d 573; Purdon v. Cohen, Fla.App. 1961, 126 So.2d 575; Warring v. Winn Dixie Stores, Inc., Fla.App. 1958, 105 So.2d 915; Shell's Super Store, Inc. v. Parker, Fla.App. 1958, 103 So.2d 884.
It follows that the judgment appealed should be, and is accordingly, reversed.
Reversed.