HENDRY, Judge.
Appellants-plaintiffs sued the appellee-defendant and alleged that the defendant negligently and carelessly operated his automobile so as to cause it to run into and injure the plaintiff, Franklin Bermudez.
Defendant denied the allegations of negligence and interposed the additional defense of contributory negligence on the part of the plaintiff, Franklin Bermudez.
Defendant, after discovery proceedings were completed, moved for a summary final judgment under Rule 1.36, Fla.Rules of Civil Procedure, 30 F.S.A. and in support of said motion relied upon various affidavits, depositions and exhibits. Plaintiffs filed affidavits in opposition to the said motion.
Upon a hearing on the motion the trial judge granted the defendant a summary final judgment solely upon his finding that the minor plaintiff was guilty of contributory negligence as a matter of law. Plaintiffs contend that it was error for the court to grant the summary judgment in favor of the defendant because there were conflicts of material facts which raised a genuine issue to be tried by a jury.
Our consideration of the record, in the light of the well-settled rule of law that upon motion for summary judgment all inferences of fact from proofs proffered at a hearing must be drawn against the movant and in favor of the party opposing the motion, convinces us that the plaintiffs’ *860 contention has merit. Warring v. Winn-Dixie Stores, Inc., Fla.App.19S8, 105 So.2d 915.
Turning now to some of the facts as taken from the depositions and affidavits on file, it appears that Franklin Bermudez, an eight year old boy, accompanied by his ten year old brother, was walking on the sidewalk in a residential area in the general vicinity of a school and playground when he encountered some other boys who were running out of a yard after having been discovered stealing oranges off of a tree located on the premises of a Mrs. Paul. The appearance of Franklin on the scene at this particular moment caused Mrs. Paul to believe that he was one of the culprits so she proceeded to chase him, shouting at him and waving a hula hoop in her hand. Franklin, being afraid of Mrs. Paul and her hula hoop which she threw at him, darted into the street behind a trash pile of considerable size which extended along the curb and out into the street several feet. In so doing he was hit by the automobile owned and operated by the defendant.
The defendant was driving his automobile south on S. W. First Avenue, a heavily traveled one way street, at about 5 :00 P.M. when automobile traffic was at its peak. Pie contends that he was proceeding cautiously when he saw the boy run out from behind the trash pile into the street and in front of his car. He applied his brakes instantaneously, laying down twelve feet of skid marks, but was unable to avoid hitting him.
A witness who was proceeding in her automobile immediately ahead of the defendant, relates that she saw a woman chasing a small boy holding a hula hoop over her head and screaming and yelling at him. She threw the hula hoop at him as she chased him. The boy, in an effort to get away from the woman, ran into the street on the south side of the trash pile. A thud was heard by her which caused her to look back whereupon she saw the boy lying in front of the defendant’s car.
The ten year old brother of the injured boy also saw him running from the woman out into the street without stopping.
The plaintiff’s father stated that he considered his son to be a smart little boy who understood the danger of running out into the street where automobiles were moving.
We have carefully considered these facts together with others contained in the affidavits, depositions and exhibits and we have concluded that the learned trial judge was in error in holding that the minor child was guilty of contributory negligence as a matter of law.
Counsel for the defendant have cited many Florida cases in which a child has been found guilty of contributory negligence as a matter of law, however, we feel that the peculiar facts in the instant case distinguish it from those cited.
In McCain v. Banker’s Life and Casualty Co., Fla.App.1959, 110 So.2d 718, 68 A.L.R. 2d 1194, we reviewed the question of the degree of care to which a child should be held and decided that because children are necessarily lacking in knowledge of physical causes and effects usually acquired only through experience, and because they must be expected to act upon childish instincts and impulses, the law must deal with them differently than it does with adults. See also, Connell v. Petri, 159 Fla. 67, 30 So.2d 922.
The standard of conduct imposed' upon a child is only to exercise such care and prudence as could be reasonably expected of a child of its age and intelligence-under like circumstances. City of Jacksonville v. Stokes, Fla.1954, 74 So.2d 278.
The plaintiff, Franklin Bermudez, was eight years old and his actions and reactions under the facts presented may be found by a jury to measure up to the standard of care imposed upon him. When a case is close on issues of negligence or con- *861 tributary negligence, doubt should always be resolved in favor of a jury trial. Bess v. 17545 Collins Ave., Inc., Fla.1957, 98 So. 2d 490; Quinn v. I. C. Helmly Furniture Co., Fla.App.1962, 141 So.2d 302; Holmes v. Forty-Five Twenty-Five, Inc., Fla.App. 1961, 133 So.2d 651.
This decision is confined to these facts, stated in a light most favorable to the minor plaintiff, and is not intended to preclude a different interpretation of the facts by a jury upon trial. Furthermore, we again emphasize that no consideration has been given to the question of whether or not the defendant may be found to be free of negligence as a matter of law. We conclude that it was error for the trial court to hold that this minor plaintiff was guilty of contributory negligence as a matter of law. Accordingly, the summary final judgment appealed is reversed.
Reversed.