147 So.2d 577 (1962)
Gustave DONNER, Appellant,
v.
MORSE AUTO RENTALS, INC., a Florida Corporation, Crane Brothers Motors, Inc., a Florida Corporation, Richard Poritzky and Mike Naughton, Appellees.
No. 62-57.
District Court of Appeal of Florida. Third District.
December 20, 1962.
Rehearing Denied January 7, 1963.
*578 Snyder, Young & Stern, No. Miami Beach, for appellant.
Carey, Goodman, Terry, Dwyer & Austin, Miami, for Morse Auto Rentals, Inc.
Welsh, Cornell, Pyszka & Carlton, Miami, for Crane Bros. Motors.
Shirley Woolf, Miami Beach, for Richard Poritzky and Mike Naughton.
Before PEARSON, TILLMAN, C.J., and HORTON and CARROLL, JJ.
HORTON, Judge.
Appellant, plaintiff below, seeks review of a final summary judgment entered in favor of the appellee Morse Auto Rentals.
On January 23, 1959, while a guest at the Beachcomber Motel in Miami Beach, Florida, appellant rented a 1959 Rambler American two-door sedan. All arrangements for the rental were handled by Dick Poritzky and Mike Naughton, doormen at the motel, who produced a rental contract which appellant signed. The rental contract had the name "Morse Auto Rental" printed at the top, and a line stating "Rented By" which was filled in with the names "Mike and Dick." The vehicle rented to appellant was owned by Morse Auto Rentals which had a written contract with Poritzky and Naughton whereby they were to receive a 15% commission on all auto rentals which they procured. After the rental arrangements were completed, appellant got into the automobile, started the motor and began to back up. After the car had moved backward approximately ten feet, the backrest on the driver's side of the front seat collapsed and appellant was thrown to the rear of the vehicle. Appellant managed to stop the car and get out. He then returned the vehicle to Poritzky and Naughton, reporting to them that the backrest was in a state of disrepair. Poritzky told appellant that he would repair the seat or get him another car. The next morning, Poritzky told appellant that he was unable to get another car but that the seat had been repaired and the car was in working condition. Later that afternoon, Poritzky again assured appellant that the car had been repaired. Subsequently, appellant got into the car and started to drive off. Once again the backrest *579 collapsed and he was thrown backward suffering personal injuries.
Appellant then brought this action against Poritzky and Naughton, Morse Auto Rentals, the manufacturer of the car, its distributor and its dealer. The second amended complaint consisted of seven alleged causes of action. The four which follow are pertinent to this appeal and were directed solely against Poritzky, Naughton and Morse Auto Rentals.
The fourth cause of action was based upon the alleged fraudulent representation of Poritzky and Naughton, individually and as agents for Morse Auto Rentals, that the automobile had been repaired, when, in fact, they knew it had not. The fifth cause of action was based on the alleged negligence of Poritzky and Naughton, individually and as agents of Morse Auto Rentals, in repairing said automobile, or in the alternative, in failing to repair or, in the alternative, in failing to make a proper inspection of the vehicle. The sixth cause of action was based upon the theory of implied warranty of fitness. The seventh cause of action was based upon the doctrine of res ipsa loquitur.
Morse Auto Rentals filed a motion to dismiss directed toward those portions of the complaint charging it with liability. After hearing, the trial court entered an order which, inter alia, dismissed the fourth, sixth and seventh causes of action. Thus the fifth was the only cause of action left for trial which involved Morse Auto Rentals. Subsequently, Morse Auto Rentals moved for summary judgment and, after hearing, the trial court granted the motion and entered the summary judgment appealed. The cause remains pending as to the remaining defendants.
The appellant contends the trial court erred in entering summary judgment on the fifth cause of action. We find this contention has merit.
An examination of the record indicates that there are genuine issues of material fact relating to the fifth cause of action, including whether Poritzky and Naughton were guilty of negligence and whether they were the agents of Morse Auto Rentals. These issues should have been submitted to the jury. See Rule 1.36 (c), F.R.C.P., 30 F.S.A.; Quinn v. Helmly Furniture Co., Fla.App. 1962, 141 So.2d 302; Foster v. Gulfstream Press, Inc., Fla.App. 1962, 134 So.2d 270; Holmes v. Forty-five Twenty-five, Inc., Fla.App. 1962, 133 So.2d 651.
The appellant further contends that it was error to dismiss his fourth and sixth causes of action. We agree.
Should the jury determine that Poritzky and Naughton were in fact the agents of Morse Auto Rentals, Morse Auto Rentals could be found liable for their false representations. See Wheeler v. Baars, 33 Fla. 696, 15 So. 584; Zimmern v. Blount, D.C.Fla. 1917, 238 F. 740; 3 Am.Jur.2d, Agency, §§ 261, 264; 3 C.J.S. Agency §§ 231, 236. It was therefore error to strike the appellant's fourth cause of action.
As stated in Yarbrough v. Ball U-Drive System, Fla. 1950, 48 So.2d 82:
"It seems to us that where one engages in the business of renting automobiles for a price to persons who will do their own driving he represents that the vehicles are in good mechanical condition."
For this reason it was error to strike the appellant's sixth cause of action.
We have considered appellant's contention that it was error to strike his seventh cause of action and find the same to be without merit. This should not, however, be construed as a holding that the doctrine of res ipsa loquitur would be inapplicable in the case at bar should the appellant produce sufficient proof to warrant its application, but only as a recognition of the fact that the doctrine is merely a rule of evidence. See Yarbrough v. Ball U-Drive System, supra.
*580 In accordance with the opinions expressed herein, the summary judgment appealed is reversed and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.