TILLMAN PEARSON, Judge.
This is an appeal by the plaintiff from a summary final judgment in a personal injury case. The final judgment was entered on the pleadings, plaintiff’s answer to interrogatories, the deposition of the plaintiff and the deposition of a witness.
Appellant first directs our attention to the fact that the summary judgment was-entered less than ten days after the service of a motion. There is some question as to' whether the plaintiff waived this deficiency. We will not discuss the matter further in view of our holding that there were genuine issues as to material facts.
The uncontroverted facts before the trial judge upon the motion established that the plaintiff, a tenant, was injured in ascending an outside stairway which was-maintained by his landlord for the use of the tenants. The complaint charged that the landlord either with notice or by his own acts of negligence maintained the stairway in a dangerous condition. There are two' possible bases for the trial judge’s conclusion that the plaintiff had no action. The first would be that it was demonstrated upon the motion for summary judgment, the plaintiff could not prove negligence. On this issue the strongest support is two pictures of the stairway. These pictures were taken by the defendant and were identified at the time of the depositions and attached thereto. It is not conclusively established that the pictures fairly depict the conditions at the time of the injury. The plaintiff maintained that the conditions were quite different as to lighting and other cir *573 cumstances. Upon this record, we do not think that the pictures were properly before the court as a basis for summary judgment.
Even if the pictures were properly a part of the deposition and thus entitled to consideration, we must point out that summary judgments based upon the trial judge’s evaluation of photographs are precariously close to the weighing of evidence. Bess v. 17545 Collins Avenue, Inc., Fla.1957, 98 So.2d 490; Pividal v. City of Miami, Fla. App.1958, 105 So.2d 502. In the present instance if the pictures are viewed with all inferences against the moving party, we must hold that they do not preclude an issue on negligence.
The second possible ground for the summary judgment would be that the plaintiff was conclusively shown to be guilty of contributory negligence as a matter of law. It has often been pointed out that contributory negligence is in the peculiar province of the jury and unless the claimed contributory negligence is so clear as to be a bar as a matter of law to every reasonable view of the case, then the issue should be submitted to the jury. In the instant case plaintiff’s duty to observe the defect claimed depended upon many circumstances including its visibility. This is not a case in which it can be said that a person must be presumed at law to have seen what he ought to have seen, because the claimed defect is one which may or may not have been apparent under the circumstances of plaintiff’s use of the stairs. See: City of Jacksonville v. Stokes, Fla.1954, 74 So.2d 278; Food Fair Stores, North Dade, Inc. v. Winkelmann, Fla.App.1961, 135 So.2d 6; Quinn v. I. C. Helmly Furniture Co., Fla. App.1962, 141 So.2d 302; Isenberg v. Ortona Park Recreational Center, Inc., Fla. App.1964, 160 So.2d 132.
Accordingly, the summary final judgment is reversed and the cause remanded for further proceedings.
Reversed