BARKDULL, Chief Judge.
This appeal arises from a summary final decree involving certain stock, which the plaintiffs-appellants alleged in the complaint to have been mistakenly delivered to the appellee, which allegation was met with an answer denying there was any mistake and an allegation by the defendant-appellee that the stock was “delivered to her by plaintiffs in good faith and for value”.
The summary decree returned to the plaintiffs that portion of the stock still in the possession of the defendant, but failed to require the defendant to account for the proceeds received from that portion of the stock disposed of prior to notice of the alleged mistake. Both parties have assigned error in the entry of the decree.
In entering the summary final decree in this cause, the chancellor made numerous findings of fact. It is not the function of a trial judge to make findings of fact on a motion for summary judgment. See: Buck v. Hardy, Fla.App.1958, 106 So.2d 428; Baker v. Cox, Fla.App.1960, 120 So.2d 214; Quinn v. I. C. Helmly Furniture Company, Fla.App.1962, 141 So.2d 302. When the issues created by the pleadings are in conflict [which conflict is supported by the record then before a trial judge], it is erroneous to enter a summary judgment or decree and the matter should proceed to a determination of the issues by the trier of the fact; either a jury, trial judge or chancellor. See: Posey v. Pensacola Tractor & Equipment Company, Fla.App. 1962, 138 So.2d 777; Sakowitz v. Marshall, Fla.App.1962, 146 So.2d 105; Smith v. Musso, Fla.App.1963, 151 So.2d 475. Therefore, there having been issues made by the pleadings in this cause as to whether or not there was, in fact, a mistake in delivery [which issue was not resolved by the record at the time the chancellor entered the summary final decree] same should have been denied and the said decree is therefore reversed and remanded for final hearing upon the evidence, with proofs to be submitted by the respective parties.
Because this cause is being returned to the chancellor, attention is called to the case of Klein v. Newburger, Loeb & Co., Fla.App.1963, 151 So.2d 879, which announces certain principles relative to damages which should be applicable to the instant situation.
Reversed and remanded, with directions.