HENDRY, Judge.
Appellant, plaintiff below, was injured as the result of a fall suffered while descending a stairway in an apartment building owned by appellee-defendant.
The trial court granted the defendant’s motion for summary judgment based on the pleadings, affidavits, depositions and other documents in the court file.
The plaintiff, a sixty year old woman, rented and moved into an apartment in the defendant’s four unit, two story building, three days prior to the injury. Her apartment was on the second floor, and it was necessary to use the stairs to go to and from her apartment. The injury occurred at night in the unlighted public hall when the heel of plaintiff’s shoe caught in a hole in a rubber mat on the stairs, causing her to fall down one half a flight of stairs.
The plaintiff in her deposition, testified that she had never used the stairs at night before, but that she had previously used the stairs several times during the day. She did not notice the hole in the rubber mat on the stairs on those occasions that she had previously used the stairs.
There was an electric switch on the plaintiff’s floor and another switch on the ground floor, either of which would have turned on two light fixtures that would have lighted the stairs. The plaintiff, however, was unaware of this fact. The landlord claimed that one of the first floor tenants had agreed to turn the lights on every night and replace blown out bulbs in the hall, but this tenant denied any such arrangements.
Based upon this state of the record, the defendant’s motion for summary judgment was granted. The plaintiff claims that the trial judge erred in granting this motion; we agree.
.Although it is not apparent from the order granting the motion, it must have been' based on the determination that the plaintiff was guilty of contributory negligence as-a matter of law.
The plaintiff proceeded down a dark hallway and stumbled in a hole in the mat on the stairway. She had never used the stairway in the dark, and did not know the location of the light switch, nor had she ever seen the defect in the mat on the stairway.
The rule of law applicable to the problem before us was clearly enunciated by Justice Thornal in Delany v. Breeding’s Homestead Drug Co., Fla. 1957, 93 So.2d 116, 119 where he said:
“In sum, the rule is that unless a person has a right to expect or assume that the area over which he is passing is to be free of defect or obstruction that produces his injury, he proceeds at his peril and as a matter of law is guilty of contributory negligence, if he moves into a strange and unfamiliar area in the darkness of night. * * ”
*153 The crucial question, in our case, then turns upon whether the plaintiff had a "right to expect or assume that” the stairway was free of “defect”? In order to resolve this problem we must first answer some prefatory questions; to-wit, (1) Had the plaintiff traveled over these stairs, accident free, often enough to assume that the •stairway was free of defect; (2) Had the ■plaintiff traveled over these stairs often enough to have put her on notice of the existence of the defect in the mat on the stairway, regardless of whether she had actually •seen this defect or not. It is our view that ■these are questions of fact relative to plaintiff’s contributory negligence properly re■served for the jury.[1]
For the reasons stated, the judgment .appealed should be and it is hereby reversed, and the cause remanded to the trial •court for further proceedings consistent ."herewith.
Reversed and remanded.

. Reiss v. 1550 Collins Corp., Fla.App.1964, 161 So.2d 572.