ANDREWS, Justice
(dissenting).
The question before the trial court was whether or not the plaintiff’s evidence showed that she was guilty of contributory negligence as a matter of law. Plaintiff admits that she saw the stream of water but urges that she could not walk around the stream because of a busy street on one side of the sidewalk and a hedge on the other side. The testimony and photographs in the record convince me that the plaintiff could have stepped over the stream and was therefore contributorily negligent as a matter of law. Accordingly, I would hold that the court properly directed a verdict for the defendant pursuant to the rule announced in Chambers v. Southern Wholesale, Inc., Fla.1956, 92 So.2d 188.
Both the cases relied upon by plaintiff are distinguishable. In both Quinn v. I. C. Helmly Furniture Company, Fla.App.1962, 141 So.2d 302, and the case of City of Jacksonville v. Stokes, Fla.1954, 74 So.2d 278, the injured party did not see the offending object. The question before the court here is not whether plaintiff should have seen the water but whether she exercised reasonable care once she in fact saw the water. The Supreme Court in the Chambers case, supra, held that a person is charged with notice that water may render a concrete sidewalk slippery. The evidence shows that Kathleen Marie Stock saw the water and stepped upon it, although she could have stepped across the wet spot. In addition, plaintiff failed to offer evidence to the effect that she exercised reasonable care in the manner in which she stepped upon the wet sidewalk.
Under the facts and circumstances of this case I would affirm the judgment.