CARROLL, DONALD, K., J.
(dissent-
ing).
I must dissent from the majority opinion and judgment because I believe that this court therein and the trial court in entering the judgment appealed from have invaded the exclusive province of the trial jury as the triers of the facts in this negligence action.
While I recognize that the view taken by the majority of the trial evidence on the issue of contributory negligence is a reasonable view, I depart from my colleagues because I cannot bring myself to believe, as they must in order to affirm, that the jury as the triers of the facts could not have lawfully taken a different view of that evidence leading to their conclusion that the plaintiff was not guilty of negligence proximately contributing to his injuries so as to bar him from any recovery of damages against the defendant. Putting it another way, I feel that the majority, in holding that the plaintiff under the evidence was guilty of contributory negligence as a matter of law, is overlooking the basic rule that a court, in considering a motion for a directed'verdict or for a judgment notwithstanding the verdict, must construe the evidence most strictly against the movant (the defendant here).
■ In addition to the above considerations, I think that the majority, in rendering its opinion and judgment, have failed to apply the following rules long established in Florida as being specially applicable to negligence actions. The defense of contributory negligence “ordinarily presents an issue which should be resolved by the jury.” Drahota v. Taylor Construction Co., 89 So.2d 16 (Fla.1956). When a case is “extremely close” on the question of negligence and contributory negligence, “the doubt thereon should always be resolved in favor of a jury trial. * * *” Bess v. 17545 Collins Ave., Inc., 98 So.2d 490 (Fla.1957).
The importance of carefully observing the foregoing special rules can hardly be overemphasized. As the Supreme Court of Florida said in the Drahota case, supra, involving a negligence action: “The constitutional right to jury trial demands that particular care be accorded in this field, to the end that controverted issues of fact be resolved not upon pleadings and depositions but by a jury functioning under proper instructions.” After quoting this sentence from the Drahota opinion, the Third District Court of Appeal in Holmes v. Forty-Five Twenty-Five, Inc., 133 So.2d 651 (1961) gave this additional reason why these special rules have developed in negligence actions.
“Negligence cases are extremely troublesome due to the varied fact situations which they present. It has been held that where the case is extremely close on the question of negligence or contributory negligence, ‘doubt * * * should always be resolved in favor of a jury trial.’ Bess v. 17545 Collins Ave., Inc., Fla.1957, 98 So.2d 490, 492.”
In view of the above rules, I am persuaded that the question of whether, under the evidence adduced at the trial, the plain *868 tiff was guilty of contributory negligence proximately contributing to his injuries, was a question of fact for the determination of the jury, and that the trial court committed reversible error in overturning the jury’s verdict and entering the judgment for the defendant. I would reverse the judgment and remand the cause with instructions to enter a judgment in accordance with the jury’s verdict.