HENDRY, Chief Judge.
The plaintiff seeks review of an adverse summary final judgment entered in an action for personal injuries.
Pursuant to defendant’s motion, judgment was entered on the pleadings, deposition of the defendant and response of plaintiff to defendant’s request for admissions.
The sole question for our determination is whether the trial court erred in entering a summary final judgment in favor of the defendant and against the plaintiff.
Plaintiff was injured when the fraternity fire truck in which he was riding was hit in the rear by an automobile owned by the defendant and being operated by him on Woodward Avenue, Tallahassee, Florida, at about midnight on February 16, 1962.
Plaintiff and four fellow members of a fraternity were attempting to start an old fire truck which belonged to the fraternity by pushing it down a hill on Woodward Avenue. Plaintiff had helped push the vehicle to a point about one half block from where the accident occurred, but thereafter and at the time of the accident he was riding on the rear of the fire truck. The lights of the fire truck were not in operation at the time of the collision.
The defendant, accompanied by a girl friend, turned onto Woodward Avenue about three blocks behind the fire truck and proceeded in the same lane and direction as the truck. Woodward Avenue is a two lane street lighted by a street light in each block. In his deposition, defendant stated that he was traveling at a speed of 25 m. p. h. with his dim lights on and that although there were no obstructions to his view, he failed to see the unlighted truck until he was only 30 to 45 feet from it and was unable to bring his automobile to a stop in time to avoid the rear end collision.
The defendant, in his answer, denied that he was negligent and further alleged that the sole proximate cause of the accident was the negligence of other persons, which persons include the plaintiff, or that plaintiff was contributorily negligent or was in a j oint venture with another who was guilty of negligence.
Issues of negligence, including related issues as contributory negligence, are ordinarily not susceptible of summary adjudication,[1] even where the evidence is not in dispute.[2]
The burden of showing absence of any genuine issue is on the moving party for summary judgment, and the court in passing on the motion is required to draw all reasonable inferences of fact from the evi *236 dence proffered in favor of the opponent and against the proponent of the motion.[3]
Plaintiff asserts that a jury could reasonably infer that a reasonable and prudent man in defendant’s position would know or should know that his conduct of ignoring his duty to operate his automobile so as to be able to stop it within the normal range of vision would probably result in injury to persons or property. Plaintiff further asserts that a jury might reasonably conclude that the failure to have the fire truck lights in operation was not the proximate cause of the accident.
A person driving upon the highway has the duty to operate his automobile so as to be able to stop or control his car within the range of his vision, whatever the time of day.[4] In addition, § 317.58, Fla.Stat., F.S.A., which was in effect at the time of the accident, required that head lights be of such intensity that when lighted they will reveal persons and vehicles at a distance of at least 350 feet ahead. Therefore, it could reasonably be inferred that the defendant did violate a duty by failing to observe the fire truck in time to stop or control his car.
It was also a violation of § 317.48, Fla.Stat., F.S.A. to operate a fire truck without a tail lamp visible from a distance of 500 feet to the rear. While a violation of said statute is prima facie evidence of negligence,[5] it would be for a jury to decide whether this violation proximately contributed to the accident.
Thus, though the facts may be undisputed, because of the conflicting inferences which a jury may lawfully draw, there exists genuine issues of material facts concerning whether the defendant was negligent, whether plaintiff was contibutorily negligent, and if so, whether s'tich negligence of either or both was the proximate cause of the plaintiff’s injuries.[6]
These issues ought to be tried by the jury, and we therefore conclude that the lower court erred in granting defendant’s motion for a summary judgment.
Accordingly, the judgment appealed is reversed and the cause remanded for further proceedings.
Reversed and remanded.

. Reiss v. 1550 Collins Corp., Fla.App. 1964, 161 So.2d 572; Buck v. Hardy, Fla.App.1958, 106 So.2d 428.

. Mason v. Remick, Fla.App.1958, 107 So.2d 88.

. McCutcheon v. Seaboard Air Line Railroad Company, Fla.App.1961, 133 So.2d 660.

. Macasphalt Corp. v. Murphy, Fla.1953, 67 So.2d 438

. C. J. Jones Lumber Co. v. Morrison, Fla.App.1963, 154 So.2d 721.

. Smith v. City Products Corporation, Fla.App.1962, 147 So.2d 590.