294 So.2d 390 (1974)
FONTAINEBLEAU HOTEL CORPORATION, Appellant,
v.
SOUTHERN FLORIDA HOTEL AND MOTEL ASSOCIATION, Appellee.
No. 73-453.
District Court of Appeal of Florida, Third District.
April 30, 1974.
Rehearing Denied May 28, 1974.
Marx & Squitero, Miami, for appellant.
Noriega & Bartel and Paul J. Levine, Miami, for appellee.
Before PEARSON, CARROLL and HENDRY, JJ.
PER CURIAM.
Appellant-defendant seeks review of an adverse summary judgment ordering the payment of back dues for the year 1971 and 1972 to the appellee-plaintiff. We reverse.
The appellant answered the complaint and affirmatively defended on the ground that it orally resigned from the plaintiff-Association in 1970, and therefore was not liable for dues subsequent thereto.
In addition, the appellant challenged the appellee's contention that its attendance at certain of the Association meetings in 1971 and 1972 manifested its continued membership in the organization. And, appellant further contradicts the appellee's contention that it willingly received substantial labor arbitration benefits from the Association.
It is axiomatic that summary judgments should be granted with great caution, and where there exist issues which are in conflict as reflected by the pleadings, and the record before the trial court supports the conflict in factual matters, a summary judgment should not be granted. Bishop v. City of Clearwater, Fla.App. 1972, 258 So.2d 337; Benson v. Atwood, Fla.App. 1965, 177 So.2d 380; Bache v. Lefcoe, Fla.App. 1964, 162 So.2d 525; Posey v. Pensacola Tractor & Equipment Co., Fla.App. 1962, 138 So.2d 777.
Our review of the record in this case indicates the existence of factual issues which should be resolved by the trier of fact following a final hearing where both *391 parties have a full opportunity to submit evidence.
Therefore, for the reasons stated, the judgment appealed is reversed and remanded for further proceedings.
Reversed and remanded.