PER CURIAM.
Defendant, Fontainebleau Hotel Corporation, appeals a final judgment entered in favor of plaintiff, Southern Florida Hotel and Motel Association, directing the hotel tó pay the association membership dues for the years 1971 and 1972.
Plaintiff in October 1972 brought an action against the Fontainebleau to recover membership dues of $7,488 per year for 1971 and 1972 plus interest. The Fontaine-bleau had been a member of plaintiff association since 1965 and its owner-operator claimed that in 1971 he had orally communicated the hotel’s resignation. A summary judgment was entered for plaintiff, but this court reversed. Fontainebleau Hotel Corp. v. Southern Florida Hotel and Motel Association, 294 So.2d 390 (Fla.3d DCA 1974). Upon remand the case was tried non-jury and judgment was entered for plaintiff upon the finding of the trial judge that the hotel did not submit a written resignation as required by the by-laws and failed to prove that it orally resigned; in fact, its conduct manifested an intention to remain in the association by participation and attendance at association meetings including voting on major issues, receipt of association benefits including receipt of association monies, and representation in arbitration proceedings with the hotel employees during a labor dispute. In short, the court found the hotel’s conduct was inconsistent with that of a resigned member and consistent with that of a continuing member. The hotel appeals and claims the trial judge erred in finding it did not orally resign.
The record reveals competent substantial evidence to support the findings of the trial judge. 2 Fla.Jur. Appeals § 346 (1963).
Affirmed.