REVISED OPINION
FERGUSON, Judge.
Appellants Lawrence E. Henshaw, Floyd R. Blake, Roy L. Ingle, and Willie J. High are former employees of a company which, in the course of its business, salvages out-of-service electrical transformers containing highly toxic chemicals. On two occasions within a two-year span, the Dade County Department of Environmental Resource Management (DERM) informed the employer that its operations, which allowed oils containing the toxic «substances to spill “into the ground waters of Dade County,” were in violation of environmental ordinances. The employer, Pepper’s Steel and Metal Alloys, Inc. (Pepper’s), hired appellee Edward E. Clark Engineers-Scientists, Inc. (Clark) to assist it in complying with the demands of DERM to clean up its operations.
By terms of its contract with the employer, Clark agreed, among other things, to sample the immediate area for contamination of ground water and soil, provide recommendations for clean-up and control, and prepare reports as necessary to regulatory agencies. By a report submitted to DERM dated February 26,1979, Clark represented that all the remedial actions had been taken and that only traces of oils containing the toxic substances, which were all within permissible limits, were found on the employer’s properties. Approximately four years later DERM conducted a site inspection of Pepper’s premises and found heavy contamination caused by the toxic substances. Appellants brought an action against Pepper’s, Clark, and other firms doing business with Pepper’s, alleging that until the DERM report was publicized they had no knowledge that a danger existed in connection with their employment at Pepper’s and that Clark, in conspiracy with the other defendants, prevented them from learning about the dangers to which they were continuously exposed.
Clark’s motion for summary judgment on grounds that it had no legal duty to appellants was granted. This appeal is brought from that ruling. We reverse.
Clark premises its “no duty” argument on unforeseeability, contending that the appellants are not within the class of persons foreseeably harmed by any alleged negligent performance of its duties arising from the contract between Clark and their employer, Pepper’s. Further, Clark argues, it is clear that the firm was not retained to perform a service with the safety of Pepper’s employees in mind.
*163 The scope of foreseeable harm resulting from negligent breach of a contract is not limited by the parties to the contract or the terms thereof. We are persuaded by Navajo Circle, Inc. v. Development Concepts Corp., 373 So.2d 689, 691 (Fla. 2d DCA 1979), which held:
Whether a defendant’s duty to use reasonable care extends to a plaintiff not a party to the contract is determined by whether that plaintiff and defendant are in a relationship in which the defendant has a duty imposed by law to avoid harm to the plaintiff.
* * * * * *
Foreseeability, the standard of care, and the character of the risk are determined by the reasonable-man test, (citation omitted). •
See also A.R. Moyer, Inc. v. Graham, 285 So.2d 397 (Fla.1973) (privity is not an essential element in a negligence action even if the negligence arises out of a contractual relationship). Applying the test of reasonableness, it cannot be said as a matter of law, considering the character of the risks and the relationship of the appellants to the contracting parties, that no duty was owed.
Clark points to the complaint as evidence that appellants did not rely on its contract with their employer for protection against exposure to harmful chemicals. To the extent that there is a pleading deficiency, summary judgment is not warranted; the deficiency may be corrected by amending the complaint. See DeCarlo v. Sammons, 375 So.2d 351 (Fla. 3d DCA 1979) (entry of summary judgment not proper vehicle for disposition of faulty or insufficient pleadings); see also Cohen v. Trask, 471 So.2d 1294 (Fla. 3d DCA 1985).
We note that the evidence relied upon by the appellants in opposing the appellee’s motion for summary judgment, essentially as set out herein, is in sharp dispute. It is the existence of this dispute which precludes summary judgment for either side. The purpose of a summary proceeding is not to resolve conflicting issues of fact, but to ascertain whether genuine issues of material fact exist. Shaffran v. Holness, 93 So.2d 94 (Fla.1957); Fontainebleau Hotel Corp. v. Southern Florida Hotel and Motel Ass’n., 294 So.2d 390 (Fla. 3d DCA), cert. denied, 304 So.2d 132 (Fla.1974).
Reversed and remanded for further proceedings.