120 So.2d 819 (1960)
Eileen MESSINA and Charles Messina, Appellants,
v.
J. BALDI d/b/a J. Baldi Beauty Salon, Appellee.
No. 59-619.
District Court of Appeal of Florida. Third District.
May 19, 1960.
Rehearing Denied June 14, 1960.
*820 Davis & Reynolds and Jerry Larotonda, Miami, for appellants.
Blackwell, Walker & Gray and Melvin Boyd, Miami, for appellee.
HORTON, Chief Judge.
The appellants, who were the plaintiffs in a tort action, seek review of a summary judgment entered in favor of the appellee. By this action, the appellants sought to recover for personal injuries resulting from the appellee's alleged negligence in giving the appellant a permanent wave. By the complaint, the appellants alleged that the appellee, through its agents, performed the act of giving the appellant a permanent wave in a negligent, careless and dangerous manner, knowing that the appellant had received a permanent wave about a month prior thereto, and further, knew or should have known, that the appellant's scalp was in such a condition that the application of a permanent wave solution would cause the appellant to sustain the injury for which recovery is sought. In the alternative, appellants set forth facts which, it is alleged, gave rise to the application of the doctrine of res ipsa loquitur.
The sole issue upon appeal is whether there was any genuine issue of material fact which should have been submitted to the jury.
From the pleadings, depositions and interrogatories and answers thereto, which were before the court, it appears that the appellant *821 received a cold wave at the appellee's salon on July 29, 1958; that she returned on August 9 and complained about the permanent. On September 2, 1958, the appellant again returned to the salon with the same complaint and received a second cold wave from an operator who knew that the appellant had received a prior wave on July 29, and who told the appellant, "There would be an irritation, it would burn."
The burden of demonstrating that no genuine issue of material fact exists is upon the party moving for a summary judgment, and where such moving party fails to demonstrate the absence of a genuine issue of material fact, the court is not warranted in granting a summary judgment. The purpose of a summary judgment is not to resolve conflicting issues of fact, but for the court to ascertain and determine whether or not genuine issues of material fact exist, and once such facts are shown to exist, the motion should be denied. Humphrys v. Jarrell, Fla.App. 1958, 104 So.2d 404; Shulman v. Miller, Fla.App. 1958, 107 So.2d 274.
Upon careful examination of the pleadings, the depositions and the interrogatories, in light of the above principles, we conclude that there exists a genuine material issue of fact as to whether or not the acts of the appellee's employee in administering the wave under the conditions alleged in the complaint, and denied by appellee's answer, constituted negligence.
Appellants further contend that the summary judgment was erroneously entered since the doctrine of res ipsa loquitur, invoked by the allegations of the complaint, creates an inference of negligence. In support thereof, they have cited the cases collected in 14 A.L.R.2d 877-881, which deal with the application of the doctrine in tort actions for injury to patrons of beauty shops.
The doctrine of res ipsa lequitur is a rule of evidence and not a substantive rule of law. Under it, an inference may arise in aid of the proof upon the establishment of certain essential facts. American Dist. Electric Protective Co. v. Seaboard Air Line Ry. Co., 129 Fla. 518, 177 So. 294; Reichenbach v. New Alamac Hotel Corporation, 141 Fla. 797, 194 So. 250; Yarbrough v. Ball U-Drive System, Fla. 1950, 48 So.2d 82; Tamiami Trail Tours v. Locke, Fla. 1954, 75 So.2d 586; 23 Fla.Jur., Negligence, § 116. Since we have determined that the summary judgment appealed must be reversed, we conclude that it would be premature to consider the applicability of the doctrine.
Accordingly, the judgment appealed is reversed.
PEARSON and CARROLL, CHAS., JJ., concur.