HENDRY, Judge.
This is an appeal by plaintiff below from a summary judgment entered in favor of Seaboard Air Line Railroad Company and James B. Mayes, Conductor, defendants in the court below.
The plaintiff filed an action for damages for personal injuries against the defendants, alleging in his complaint that the defendant railroad, acting through the defendant, Mayes, its freight yard conductor, negligently and carelessly caused the railroad’s freight train to be operated so as to come in contact with the plaintiff, causing him severe and permanent injuries.
The defendants answered denying negligence and alleged that any injury suffered by plaintiff was the result of his own negligence. After completion of discovery procedure defendants moved for and were granted summary judgment.
The incident complained of took place while plaintiff was in the railroad’s freight *661 yard located east of N. W. 7th Avenue and between 17th and 20th Streets in Miami. The freight yard has a high fence extending along the east boundary from N. W. 17th Street to N. W. 20th Street which ■separates it from colored housing. There .are several tracks running north and south through the yard, but the only ones that are relevant to this accident are the set of three nearest the freight depot and warehouse on the west side of the yard. These ■tracks are known as tracks one, two and three. Between the several sets of tracks there are paved areas running north and south through the yard which are provided ■for trucks to load and unload freight cars. ¡Numerous signs are posted prominently all about the yard reading, “Private Property - — Seaboard Air Line Railroad Co. — No Trespassing”.
The depositions and affidavits of the plaintiff and his witnesses indicate that the plaintiff was walking alone to work around midnight and entered the railroad yard at 17th Street with the intention of walking through it up to 19th Street near the freight ■depot and tracks one, two and three. He ■testified that he had taken this route for .about a year without seeing any of the .aforementioned signs.
Plaintiff further testified to the effect that :he had walked through the freight yard from 17th Street up to 19th Street and had ■turned west across track one, two and three, when he was hit on the right shoulder by a box car moving south. He believed it to be the same box car that he had seen standing still about five feet to his right. The next thing he knew it had hit him on the right shoulder and thrown him into the air. He remembers nothing from that time until he awoke the next day in the hospital, after having had both of his hands and one arm amputated. He claimed he did not see or hear any movement of the engine or box cars at any time while he was walking through the freight yard.
There was evidence introduced by the plaintiff tending to show that the railroad was negligent in that it failed to sound a warning upon moving the railroad cars; that it failed to construct a proper fence to prevent the public from using the crossing; that it knew that the public was using the crossing; that the area of the accident was improperly lit on the night of the accident; that there was no light on the box car; that no bell was sounded before the box car moved; and that as a result thereof the plaintiff was seriously injured.
The evidence used by the defendants to support the motion for summary judgment showed that at about midnight on the night of the accident the railroad’s switch engine was being operated, in its freight yard, by a crew of five of its employees, one of them being the defendant, Mayes, who was in charge of the crew; that they were engaged in pushing, pulling and kicking freight cars in and out of tracks one, two and three; that the area of the yard where the accident happened was illuminated by a light on a pole; that the engine was moved onto track two and coupled onto four box cars, which were pulled back off of that track up past the switch near 20th Street, where the switch was thrown and the engine moved forward kicking three of the box cars into track three, keeping one car coupled to the front of the engine; that the engineer, upon direction from the switchman, next moved forward onto track one, which was next to the freight depot, and coupled onto four box cars that were standing on track one; and that as these cars were being pulled back the switchman heard someone moaning and upon investigation, found the plaintiff lying between tracks one and two, with his hands and arm crushed and almost severed.
Each member of the crew testified in detail as to his particular duties in and about the operation of the train and switching of the cars. The engineer stated that he had his engine lights on at all times, rang the bell and blew the horn as a signal before moving the train. The fireman testified that he maintained a lookout while the train was moving. The footboard switchman tes *662 tified that he had ridden on the steps of the engine with his light each time the box cars were moved. The conductor and the field switchman said they had lights with them and had moved about in the vicinity of the accident but had seen no one in the yard except members of the crew. The photographs which were introduced showed signs posted prominently about the yard reading, “Private Property — Seaboard Railroad Co. — No Trespassing”.
The trial judge found that the evidence showed that there was no genuine issue as to a material fact. It is this finding which the appellant has assigned as error.
It is the unquestioned law of this state that the, moving party for summary judgment has the burden of showing the absence of any genuine issue as to a material fact. The burden is only satisfied where the movant clearly establishes what the true factual picture is, and thereby removes any serious doubt as to the existence of any genuine issue of material fact. The court in passing on the motion is required to draw all reasonable inferences of fact from the evidence proffered in favor of the opponent and against the proponent of the motion. Yost v. Miami Transit Co., Fla.1953, 66 So.2d 214; Buck v. Hardy, Fla.App. 1958, 106 So.2d 428; Warring v. Winn-Dixie Stores, Inc., Fla.App.1958, 105 So.2d 915.
To hold otherwise would circumvent the constitutional guarantee of trial by jury. In this regard, the Supreme Court in Williams v. City of Lake City et al., Fla.1953, 62 So.2d 732, 733, said:
“The right to a jury trial is a very sacred part of our system of jurisprudence and, while we have held that the granting of a summary judgment does not infringe upon such constitutional right, that very holding carries with it the idea that such judgments should be sparingly granted and only in those cases where there remains no genuine issue of any material fact. To put it another way, such motion should be granted only where the moving party is entitled to a judgment as a matter of law. It was never intended by this rule that cases should be tried by affidavit or that affidavits, interrogatories or depositions or similar evidence, could be used as substitutes for a jury trial. To sum it all up, if there are issues of fact and the slightest doubt remains, a summary judgment cannot be granted.”
We find that the evidence introduced by the defendants was in direct conflict with that introduced by the plaintiff and accordingly, there were material issues of fact which should have been presented to a jury. In accordance with the reasons stated above, we hold that the lower court erred in summarily granting final judgment for the appellees. The judgment appealed from is reversed.