KISSINGER, CLYDE M., Associate Judge.
This is a timely appeal from a summary judgment entered in favor of the plaintiff in his suit to quiet title.
The pertinent portion of the complaint alleged:
“7. Land formed by accretion is the property of the owners of the upland property to which or against which said accretion attaches or forms. Said ownership is paramount to the ownership of any underwater or submerged land over which said accretion might form including underwater or submerged land to which the Trustees of the Internal Improvement Trust Fund of the State of Florida, named above, might have any ownership or other interest. Plaintiff believes that the defendants named above as constituting the Trustees of the Internal Improvement Trust Fund of the State of Florida might claim some interest in and to said land, the exact nature and character of which is unknown to plaintiff except that said claim, if any, is adverse and prejudicial to plaintiff and places a cloud on plaintiff’s title to the land described in paragraph 1, above.”
The appellants generally admitted these allegations but required strict proof that the land was formed by accretion. Ap-pellee Lord subsequently moved for summary judgment against the appellants, and attached to the motion, affidavits and exhibits. The appellants filed nothing in opposition. The lower court found that there was no genuine issue of material fact, that the land in question formed as accretion to the upland described in the complaint, that Lord’s ownership was paramount to any ownership which appellants might have in the bottom land over which “the accretion” formed and that Lord’s title should be quieted against appellants.
The appellants contend that summary judgment was improper because the exhibits and affidavits reveal certain inconsistencies, and do not conclusively establish accretion.
Appellees Roberts et al. have also filed a brief in support of the decree. They are adverse to the claim of Lord, but agree with Lord that the appellants have no title to the property.
Appellees Roberts et al. have filed a motion to strike appellants’ appendix, on the ground that the subject matter thereof is not a part of the record, and therefore is in violation of F.A.R. 3.7, subd. f(5), 31 F.S.A.
This Court feels that whether the disputed lands were not accretions to the uplands of either of the other two parties to this suit, but rather were lands in place which are the property of the state as either sovereignty or swamp or overflowed lands is an issue of material fact which should have suggested itself to the Court below.
It is well settled that he who comes into equity to get rid of a cloud upon his own title must show clearly the validity of his own title and the invalidity of his op *536 ponents. Equity will not act m such cases in the event of a doubtful title and a party to be relieved and to succeed in contests of this character must do so on the strength of his own title and not the weaknesses of his adversaries. See Levy v. Ladd, 35 Fla. 391, 17 So. 635; Morgan v. Dunwoody, 66 Fla. 522, 63 So. 905; Norton v. Jones, 83 Fla. 81, 90 So. 854; Day v. Benesh, 104 Fla. 58, 139 So. 448.
“The Court in passing on the motion (for summary decree) is required to draw all reasonable inferences of fact from the evidence proffered in favor of the opponent and against the proponent of the motion.” McCutcheon v. Seaboard Airline R.R. et al., Fla.App., 133 So.2d 660.
That the shifting of Stump Pass occurred by an avulsion is one of the theories available to the Chancellor as an alternative to the theory of accretion advanced by the plaintiff below. The defendant trustee did not advance the possibility of avulsion but the plaintiff’s own exhibits did that, thus presenting a clear-cut issue of fact. See Municipal Liquidators, Inc. v. Tench, Fla.App., 153 So.2d 728.
The moving party for summary judgment has the burden of showing the absence of any genuine issue as to all material facts. See National Exhibition Co. v. Ball, Fla., 139 So.2d 489.
While the rules authorize, they do not require affidavits by a party against whom summary judgment is sought and it is error to dispose of an issue on a motion for summary judgment when there remains in the cause genuine issues of material fact whether the non-moving party submits counter-affidavits or not. Matarese v. Leesburg Elks Club, Fla.App., 171 So.2d 606.
The Appellate Court, in reviewing the order here appealed from, is required to resolve all conflicts in favor of the party moved against and to give him the benefit of all inferences. See Harper v. Mangel, Fla., 151 So.2d 346.
“The function of the court under the summary judgment procedure is to determine whether there are any genuine issues of material fact, not to decide such issues.” See Quinn v. I. C. Helmly Furniture Co., Fla.App., 141 So.2d 302. The purpose of the summary judgment is not to resolve conflicting issues of fact hut for the court to ascertain and determine whether or not genuine issues of material fact exist. See Messina v. Baldi, Fla.App., 120 So.2d 819.
In view of the foregoing, the motion to strike of the appellees below becomes moot. The summary decree is set aside with instructions to the court below to proceed and determine this case upon its merits at final hearing.
LILES, Acting C. J., and PIERCE, J., concur.