PER CURIAM.
The Trustees of the Internal Improvement Fund of the State of Florida have appealed the entry of a summary final decree vesting title to 88.94 acres of alluvion in the appellee, Sarah B. Sutton. The summary decree found the disputed property to have accreted to a triangular parcel of 24.56 acres owned by the appellee and recognized to be land on the official survey of the United States Land Office in 1847.
Sarah B. Sutton, a widow, instituted suit November 28, 1960, seeking to quiet her claimed title to certain property as originally surveyed September 30, 1847, by the Surveyor General of the United States, together with a large abutting area between the government traverse on the southeastern boundary of her undisputed property and the line of mean low water on the edge of Biscayne Bay, Dade County, Florida.
The appellee deraigns her title to the disputed property through a tax deed to her deceased husband conveying “all Fractional Section 27, Township 56 South, Range 40 East Black Creek Canal right of way, containing 24.56 acres more or less, in the County of Dade, State of Florida”.
On March 16, 1964, the Circuit Court granted a motion by Sarah B. Sutton for summary final decree quieting title of these 24.56 acres as delineated on the official survey map of 1847. The appellee then sought, and was granted, a summary final decree quieting title in her of the 88.-94 acres abutting her property to the southeast and designated on the 1847 survey as “salt marsh and mangrove flats”, holding that there was no issue of material fact and that this area had attached to her upland 24.56 acres by accretion.
The appellant Trustees filed affidavits denying the land was formed by accretion and claiming that the 88.94 acres extending into Biscayne Bay southeast of the government traverse in Fractional Section 27 to be sovereign lands belonging to the State of Florida. The appellants contend that summary decree was improper because the pleadings, exhibits and affidavits raise material issues of fact and do not conclusively establish accretion.
It is well settled in this state that the function of the trial court under the summary judgment procedure is to determine whether there are any genuine issues of material fact and not to decide such issues. Quinn v. I. C. Helmly Furniture Co., Fla.App. 1962, 141 So.2d 302; Messina v. Baldi, Fla.App.1960, 120 So.2d 819; McCutcheon v. Seaboard Air Line Railroad Co., Fla.App.1961, 133 So.2d 660; Trustees *274 of International Improvement Fund v. Lord, Fla.App.1966, 189 So.2d 534. The issue of material fact, upon which testimony must be taken is whether the property claimed by the appellee was of such a substance or character as to render it matter susceptible of addition by accretion. The file in this case reflects no proof of the character of the property in dispute and it was not until the appellee had filed her motion for summary final decree that it was first disclosed that she based her claim to the disputed property on the theory of accretion.
A second issue of material fact is whether any increase of riparian land here involved became an addition to sovereign property of the State of Florida, thus belonging to the appellant Trustees, or became, in fact, an addition to the land owned by the appellee. In order to acquire land by accretion, there must be natural and actual continuity of accretion to the land of her riparian owner. There must be actual affixing of the accretions against the riparian lands before they can be claimed as part of such lands. Where the land remains identifiable, title by accretion is not acquired.
The common law rule which vests title to soil formed along navigable waters by accretion in owners of abutting lands has been followed as the applicable rule of law in Florida. Mexico Beach Corporation v. St. Joe Paper Company, Fla.App. 1957, 97 So.2d 708; Paxson v. Collins, Fla.App.1958, 100 So.2d 672; Ford v. Turner, Fla.App.1962, 142 So.2d 335 and Municipal Liquidators, Inc. v. Tench, Fla. App. 1963, 153 So.2d 728. The pleadings in the case at bar however, present a factual dispute as to whether or not the “salt marsh and mangrove flats” designated by the 1847 survey of the United States Land Office was land belonging to the sovereign and to which any future accretions would therefore have attached.
In the recently decided case of Trustees of Internal Improvement Fund v. Lord, Fla.App.1966, 189 So.2d 534, the Court reversed a summary judgment in favor of upland owners under circumstances similar to the case at bar, stating:
“This Court feels that whether the disputed lands were not accretions to the uplands of either of the other two parties to this suit, but rather were lands in place which are the property of the state as either sovereignty or swamp or overflowed lands is an issue of material fact which should have suggested itself to the Court below.
It is well settled that he who comes into equity to get rid of a cloud upon his own title must show clearly the validity of his own title and the invalidity of his opponents. Equity will not act in such cases in the event of a doubtful title and a party to be relieved and to succeed in contests of this character must do so on the strength of his own title and not the weakness of his adversaries. See Levy v. Ladd, 35 Fla. 391, 17 So. 635; Morgan v. Dunwoody, 66 Fla. 522, 63 So. 905; Norton v. Jones, 83 Fla. 81, 90 So. 854; Day v. Benesh, 104.Fla. 58, 139 So. 448”.
The summary final decree is set aside with direction to the Court below to proceed to final hearing on the merits in the case.