COBB, Judge.
The issue on this appeal is whether the trial court erred in granting summary judgment in favor of the appellee, State Farm Fire and Casualty Company.
*106 On September 21, 1990,[1] a fire destroyed the home of the appellant, Sam Day, and his personal property contained therein. Day submitted various proof of loss forms during November of 1990, to which State Farm replied that its investigation was continuing and that the terms of the policy required further documentation. On December 12,1990, Day’s public adjustor notified State Farm that no further documentation existed to substantiate Day’s claims other than that already provided.
Because there were delays in payment, Day filed an action against State Farm on March 15, 1991. Although Day’s claim for payment of policy limits was rendered moot when State Farm paid these amounts, his action continued on the issues of interest, attorney’s fees and costs.
Subsequently, State Farm moved for summary judgment, alleging that it had been forced to verify the damages to Day’s property on its own. Additionally, State Farm claimed that the postponement of Day’s personal examination from December 26, 1990 to February 6, 1991, caused a corresponding delay in the investigation. Based on these facts, State Farm asserted that it was not liable for interest, attorney’s fees, or costs. Day filed no motions or affidavits in opposition to State Farm’s motion for summary judgment. Ultimately, the court entered final summary judgment in favor of State Farm.
As Day correctly points out, the fact that the payouts were essentially the same as the policy amounts, as conceded by State Farm’s own supporting affidavit, places into issue the question of whether the insurer actually conducted independent verification or whether it was simply being dilatory — in short, whether the parties actually agreed on the amounts due.[2] This was an issue of material fact for the trial court and should have been decided before the court made any determination regarding attorney’s fees, costs and interest. Additionally, responsibility for delays in Day’s examination might be a material consideration.
The fact that Day failed to present an opposing affidavit is not dispositive of State Farm’s motion for summary judgment. Trustees of the Internal Improvement Trust Fund v. Lord, 189 So.2d 534 (Fla.2d DCA 1966). Generally, summary judgment is improper if evidence by affidavit, pleadings, depositions or otherwise demonstrates the existence of a genuine issue of material fact. Misal Constr. Co., Inc. v. Rusco Indus., Inc., 403 So.2d 607 (Fla. 4th DCA 1981); Mejiah v. Rodriguez, 342 So.2d 1066 (Fla.3d DCA 1977); Unijax, Inc. v. Factory Ins. Ass’n, 328 So.2d 448 (Fla. 1st DCA), cert. denied, 341 So.2d 1086 (Fla.1976); Am. Bankers Ins. Co. of Florida v. Nolan’s Garage, Inc., 262 So.2d 727 (Fla. 3d DCA 1972). Because State Farm presented evidence that was open to at least two different interpretations, a genuine issue of material fact was raised and summary judgment was precluded.
Accordingly, the final summary judgment regarding attorney’s fees, costs and interest is reversed and the cause remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
PETERSON and DIAMANTIS, JJ., concur.

. Day’s home was totally destroyed by the fire; as such, section 627.702, Florida Statutes (1989), would apply. This section provides that when a building is a "total loss," the insurer’s liability is for the policy limit.

. The policy terms required that payment be made by the insurer within sixty days after receiving proof of loss and when the insurer and insured had agreed on the amount. See Warren v. Old Dominion Ins. Co., 465 So.2d 1376 (Fla. 5th DCA), rev. denied, 476 So.2d 675 (Fla.1985).