706 So.2d 16 (1997)
Marvin A. HOLLUB, Trustee, and Marvin A. Hollub, individually and Marvin A. Hollub and Amelia Hollub, jointly and individually, Helene Hollub-Issel, f/k/a Helene H. Hollub, Harry Hollub and Jack Schiffman, d/b/a Granada Shop Warehouse, Appellants,
v.
Peter J. CLANCY, Individually Robert C. Jones, Individually and Peter J. Clancy, as General Partner of Ses Group-Granada Associates, Limited and City National Bank of Miami, as Trustee pursuant to a Land Trust Agreement, Appellees.
No. 96-2139.
District Court of Appeal of Florida, Third District.
December 10, 1997.
Rehearing Denied March 11, 1998.
*17 Hollander & Bartelstone, P.A. and Ted H. Bartelstone, Miami, for appellants.
Roy D. Wasson, Miami; E.P. Iaconis, Lighthouse Point; Cummins & Wanshel and Laurence A. Wanshel, Miami, for appellees.
Before COPE, GERSTEN and SHEVIN, JJ.
COPE, Judge.
This is an appeal challenging the amount of an attorney's fee award in a breach of contract action. We affirm in part and reverse in part.

I.
The appellants[1] ("Sellers") sold a commercial warehouse to appellee SES Group-Granada Associates, Limited, a Florida limited partnership ("Buyer"). Appellees Peter J. Clancy and Robert C. Jones are the general partners of the limited partnership.
After the purchase, Buyer learned that Dade County had, three weeks before the closing, advised Sellers that the warehouse must be connected to the sewer system within ninety days. Sellers did not disclose this fact to Buyer. Post-purchase, Buyer had to make the sewer connection at a substantial expense.
Buyer sued Sellers for damages for the nondisclosure.[2] This was initially pled as a tort case. On the fourth amended complaint, the case was converted to a contract action. The jury returned a verdict for Buyers for $78,381 plus $34,156 in prejudgment interest. This court affirmed the judgment. See Hollub v. Clancy, 648 So.2d 296 (Fla. 3d DCA 1995).
Buyer filed a motion in the trial court for attorney's fees. The purchase contract provided that "in connection with any litigation including appellate proceedings arising out of this Contract, the prevailing party shall be entitled to recover reasonable attorney's fees and costs."
Buyer was represented in this litigation by co-counsel, one a sole practitioner and the other a small law firm. As reflected in the trial court order, the sole practitioner claimed 1214 hours and the law firm claimed *18 753 hours. Buyer presented an expert witness who opined that all of the requested hours were reasonably expended and that a rate of $250 would be a reasonable rate. Thus, Buyers requested a fee of up to $492,750. In opposition, Sellers provided an expert witness who testified that the work performed by appellees' two attorneys was unnecessarily duplicative; that there was improper unit billing; that a more reasonable hourly rate was $150; and that some of the time records were unreliable, having been reconstructed or revised.
The trial court allowed 670 hours for the sole practitioner at $175 per hour and 634 hours for the law firm at $200 per hour. The trial court also found that a contingency risk multiplier of 1.0 was appropriate under the circumstances. The court then awarded $117,250 to the sole practitioner and $126,800 to the law firm, together with prejudgment interest. Sellers have appealed.

II.
Sellers first contend that the "reasonable fee" portion of the Buyer's attorney's fee agreement is unenforceable because it allows Buyer's counsel to recover more fees from Sellers than counsel could recover from their own client. The evidence presented in support of the motion showed that Buyer and its attorneys initially entered into a contingent fee agreement under which Buyer agreed to pay counsel a nonrefundable $20,000, which would be credited against a 40 percent contingency fee in the event Buyer recovered greater than $50,000. Later, the fee agreement was amended to provide, as an alternative, a reasonable fee to be determined by the court under the contractual provision should Buyer prevail, and that the attorneys would be entitled to the greater of the partial contingency fee or the court determined fee.[3]
Under the "reasonable fee" alternative in the attorney's fee agreement, Buyer's counsel is allowed to seek a court-ordered reasonable fee to be paid by Sellers, but Buyer has no obligation to pay its counsel a reasonable fee if the court fails to award it. Buyer's only obligation is to pay its counsel a fortypercent contingency fee, if the contingency fee exceeds the court-awarded reasonable fee.
Sellers rely on a portion of Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), which states that "in no case should the court-awarded fee exceed the fee agreement reached by the attorney and his client." Id. at 1151 (citation omitted). Since Buyer's own fee obligation (under the partial contingency alternative) was to pay a forty-percent contingency fee, Sellers argue that under Rowe, Sellers cannot be required to pay anything in excess of the forty-percent contingency amount.
We reject this argument on authority of Kaufman v. MacDonald, 557 So.2d 572 (Fla. 1990), in which the court upheld a fee arrangement indistinguishable from the present one. See id. at 573; see also Lugassy v. Independent Fire Ins. Co., 636 So.2d 1332, 1333-36 (Fla.1994); Askowitz v. Susan Feuer Interior Design, Inc., 563 So.2d 752, 754 (Fla. 3d DCA 1990).

III.
Sellers argue alternatively that the fee award is excessive. We agree.
First, Sellers contend that this was a factually simple case that did not justify retaining co-counsel where a single lawyer would have sufficed. This was the position of Sellers' expert, and under the circumstances of this case, we agree.
The plaintiff Buyer is a Florida limited partnership. It hired both the sole practitioner *19 and the firm to represent it. Both counsel attended all hearings and depositions and worked on the same pleadings. The Buyer is, of course, free to have as many lawyers as it wishes, but if the fee is to be shifted to the opposing party, only the fees reasonably incurred will be allowed. Consequently, the fee award must be reduced to allow for a single lawyer or firm for the pretrial phase of the litigation. Seller's expert conceded that it would be permissible for Buyer's counsel to associate an additional lawyer for the trial, so this reduction does not apply to the trial itself.
Buyer argues that because the two general partners brought suit on behalf of the limited partnership, each general partner was entitled to his own lawyer. We disagree. The general partners filed suit in order to pursue the limited partnership's fraud claim against the Sellers. In substance this was a single claim on behalf of the limited partnership. There was no showing of any conflict of interest between the general partners which would require separate representation.
Buyer also argues that reduction is unnecessary because the trial court order reduced the allowable hours on account of (1) duplication of efforts, and (2) what the court described as obstreperous behavior by the sole practitioner. As we interpret the order, however, the trial court accepted the premise that a co-counsel arrangement was appropriate, and reduced the hours where the time entries reflected that co-counsel were reviewing each other's pleadings and conferring with each other. The time allowance should be revisited for a reasonable award for single representation pretrial.
Second, Sellers complain of time entries that reflect unreasonable unit billing. They identify twelve instances in which the sole practitioner claimed one hour or more to review a one- or two-page order or pleading. Sellers also complain of two such one-hour entries by the law firm and as well as three smaller entries.
As stated in Browne v. Costales, 579 So.2d 161 (Fla. 3d DCA 1991), "we cannot condone the practice of unreasonable `unit billing' for an attorney's time without regard to the actual time spent on true legal work." Id. at 162. Buyer does not defend these disputed time entries, but argues that they were doubtless eliminated when the court reduced the attorney's fee claim. The trial court's order, however, does not so indicate. On remand, unreasonable unit billing amounts must be eliminated, if that has not already been done.
Sellers argue that the hours claimed for interlocutory appellate work must be eliminated because this court did not award appellate attorney's fees. Sellers are correct. See Garcia v. Garcia, 570 So.2d 357, 359 (Fla. 3d DCA 1990); Fla. R.App. P. 9.400.[4]
On the cross appeal, although Sun Bank of Ocala v. Ford, 564 So.2d 1078, 1079 (Fla. 1990), does imply that a contingency risk multiplier may be applied in a contract case, the trial court's determination that the appropriate risk factor here was 1.0 was within its discretion. See Chrysler Corp. v. Weinstein 522 So.2d 894, 896 (Fla. 3d DCA 1988).
In summary, on the appeal we affirm in part, reverse in part, and remand for proceedings consistent herewith. On the cross appeal, we affirm.
NOTES
[1] Marvin A. Hollub, Amelia Hollub, Helen Hollub-Issel and Jack Schiffman, d/b/a Granada Shop Warehouse.
[2] Clancy and Jones, as general partners, brought suit on behalf of the limited partnership. City National Bank joined as a nominal plaintiff because it holds legal title to the real estate under a land trust agreement.
[3] The amended retainer agreement stated:

1. The original Retainer Agreement dated December 28, 1989 is hereby modified and the parties agree that the Attorneys shall be compensated by an award by the Court of reasonable attorney's fees to be paid by the adverse parties to the lawsuit pursuant to the terms and conditions of the contract sued upon if the Clients prevail in this action.
3. However, in the event the amount of fees awarded to the Attorneys by the court is less tha[n] the amount of fees the Attorneys would be entitled to under the Retainer Agreement dated December 24, 1989, the parties agree that the Attorneys shall have the option to enforce the terms and conditions of the original Retainer Agreement. The option shall only be applicable if the amount of attorneys' fees under the Retainer Agreement is greater tha[n] the fees awarded by the Court as reasonable attorneys' fees.
[4] Sellers do not challenge the amount awarded for appellate attorney's fees for the plenary appeal, see Hollub v. Clancy, 648 So.2d 296 (Fla. 3d DCA 1995), at the conclusion of which this court awarded appellate attorney's fees.