PER CURIAM.
Appellants, who were ousted as directors of the appellee condominium association (“association”) in this litigation, appeal a final judgment awarding attorney’s fees and costs to the association. We reverse and remand for further proceedings.
This litigation arose from a dispute about the validity of an election in which the appellants were purportedly elected to the association’s board of directors. After the election, the appellants seized control of the association’s affairs and transferred existing bank accounts to a different local bank. These bank funds were all held in the association’s name and for its sole use and benefit.
Subsequently, the association contested the validity of this election on the grounds, among other things, that the election procedures had failed to comport with the requirements of section 718.112, Florida Statutes (1993). The appellants then filed a petition for mandatory nonbinding arbitration with the Division of Florida Land Sales, Condominium and Mobile Homes pursuant to section 718.1255, Florida Statutes (1993), for a *599 determination that the election was valid and that they were valid directors. During the arbitration proceeding, the association was represented by the law firm of Siegfried, Rivera, Lerner, De La Torre & Petersen, P.A. (“Siegfried firm”). During the pen-dency of this arbitration proceeding, the Siegfried firm, on behalf of the association, filed a three-count complaint against appellants and the association’s former management company. Count one was for injunctive relief and for an order requiring the appellants to return the association’s funds. Count two sought damages against appellants for conversion of the association’s funds. Count three sought damages against the association’s former management company for breach of fiduciary duty for its role in the subject election. The association pled an entitlement to attorney’s fees pursuant to section 718.303, Florida Statutes (1993). On a motion made by appellants, this civil action was stayed pending the resolution of the arbitration proceeding.
Ultimately, the arbitrator issued his ruling declaring the appellants’ election to be invalid and ordering the appellants to return the association’s bank funds. Pursuant to this finding, the lower court entered a temporary injunction requiring the appellants to relinquish the association’s funds and records to its former directors. This effectively mooted out count one of the association’s complaint.
The appellants then filed an answer and affirmative defenses to the association’s complaint as well as a counterclaim seeking a trial de novo of the arbitrator’s rulings pursuant to section 718.1255, Florida Statutes. The Siegfried firm filed the association’s answer and affirmative defenses to the counterclaim. The association’s complaint was subsequently amended twice by the Siegfried firm to also include a count for damages for breach of the declaration of condominium. The appellants filed an answer and affirmative defenses to the amended complaint and amended their counterclaim as well, but their amended counterclaim still essentially sought a trial de novo review of the arbitrator’s findings. After this amended counterclaim was filed, the law firm of Pyska, Kessler, Massey, Weldon, Latri, Holton & Douberley, P.A. (“Pyska firm”), a firm retained by the association’s insurance carrier, also entered its notice of appearance on behalf of the association. The Pyska firm filed an answer to the amended counterclaim on the association’s behalf and thereafter defended the counterclaim action. Thus, although the gravamen of both the main action and counterclaim action centered around the issue of the validity of the appellants’ election as directors of the association and their actions of taking control of the association’s funds and records, the association was represented by two law firms. The Siegfried firm prosecuted the main action on the association’s behalf and the Pyska firm defended the counterclaim action of its behalf.
Prior to the scheduled jury trial of this cause, the association moved for and was granted partial summary judgment on the breach of the declaration of condominium in the main action[1] and the appellants’ counterclaim actions. Thereafter, the association filed its motion, for an award of attorney’s fees and costs pursuant to the Declaration of Condominium and sections 718.303(1) and 718.1255(4)(d), Florida Statutes. The lower court entered its order granting this motion and reserving jurisdiction to conduct an evi-dentiary hearing to determine the amount of fees and costs to be awarded. After the evidentiary hearing, the court entered its final judgment awarding the Siegfried firm $45,000.00 in fees and $630.00 in costs. This appeal followed, and of the numerous challenges raised by the appellants to this judgment, we deem only one to be meritorious.
The appellants correctly assert that the lower court erred when it failed to consider and reduce the attorney’s fees awarded to the Siegfiied firm for the duplication of their legal efforts with the Pyska firm in this cause. It is clear that issues raised in the main action and counterclaim were inextricably intertwined such that a determination of the issues in one action would necessarily be *600 dispositive of the issues raised in the other. Thus, where the association was represented by the Siegfried firm in the main action and the Pyska firm in the counterclaim action, there can be no doubt that the efforts of both of these firms were duplicitous and overlapping.
Our court has recognized that although a party has the absolute right to hire as many attorneys as it desires, if, however the fee is to be shifted to the opposing party, the opposing party is not required to compensate for overlapping efforts should they result. See Hollub v. Clancy, 706 So.2d 16, 18 (Fla. 3d DCA 1997); Donald S. Zuckerman, P.A. v. Alex Hofrichter, P.A., 676 So.2d 41, 43 (Fla. 3d DCA 1996). Consequently, we conclude that the fee award must be reduced to reflect the reasonable efforts of one law firm. We believe that the most appropriate way of accomplishing this task is to reduce the fee award to the Siegfried firm by the reasonable value of all of the Pyska firm’s services in this cause. See Hollub, 706 So.2d at 18. Thus, on remand, the lower court must first affix a reasonable amount of attorney’s fees for the Pyska firm’s representation of the association in this cause and thereafter deduct that amount from the attorney’s fees previously awarded' to the Siegfried firm.
Reversed and remanded with instructions.

. The association’s claims against its former management company were dismissed pursuant to a settlement agreement and the association was unsuccessful with its remaining claim for conversion against the appellants.