[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12605
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cv-00085-GKS-DAB


RONALD L. LANE, JR.,
individually,
VANESSA R. LANE,
individually,

                                                        Plaintiffs-Appellants,

versus

GUARANTY BANK,
BANK OF AMERICA,
ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER
AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO
ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN
PARTIES MAY CLAIM AN INTEREST,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 15, 2014)

Before PRYOR, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Ronald Lane, Jr. and Vanessa Lane, proceeding *pro se*, appeal the dismissal of their complaint for failure to state a claim upon which relief may be granted and the denial of their motion for relief from judgment.  Having considered the parties' briefs and the record, we affirm.

## I

Because we write for the parties, we assume familiarity with the underlying facts of the case and recite only what is necessary to resolve this appeal.

The Lanes filed a verified complaint in state court seeking to quiet title to real property which they alleged they owned in fee simple pursuant to a corporate warranty deed.  The complaint alleged that Guaranty Bank recorded a "purported mortgage document" in the public records of Seminole County evidencing that it had loaned the Lanes $115,000.  The Lanes repeatedly demanded that Guaranty Bank prove that it had loaned them the money, but the bank furnished no evidence of such a loan.  Bank of America subsequently recorded an assignment from Guaranty Bank of the purported loan in the public records of Seminole County.  The Lanes demanded that Bank of America proffer proof of the validity of the assignment and its interest in their property, but it failed to do so.  The Lanes sued both banks, requesting a declaration that the mortgage and assignment are null and

void, canceling the mortgage and subsequent assignment, and granting their request to quiet title to their property against Guaranty Bank[1] and Bank of America.    The Lanes attached to their complaint copies of the mortgage, assignment, and demand letters allegedly sent to the banks.

Following removal, the district court dismissed the Lanes' complaint with prejudice for failure to state a claim to quiet title, and denied their subsequently-filed motion for relief from judgment under Rule 60(b).  The Lanes now appeal.

## II

We review the dismissal of a complaint for failure to state a claim under Rule 12(b)(6) de novo.  *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1056-57 (11th Cir. 2007).  In so doing, we view the complaint in the light most favorable to the plaintiffs and accept as true all of the well-pleaded facts.  *Id*. at 1057.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that merely sets forth "a formulaic recitation of the elements of a cause of action will not do," and mere conclusory statements in support of a threadbare recital of the elements of a cause of action will not suffice. *See id*. at 678.

---

[1] The record indicates that Guaranty Bank was never served with process.

3

We review the district court's refusal to grant leave to amend a complaint for abuse of discretion, but review the legal conclusion that amendment would be futile de novo. *Harris v. Ivax Corp.*, 182 F.3d 799, 802 (11th Cir. 1999).

Although we construe the pleadings of pro se litigants liberally, this construction "does not give a court license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). To this end, although a pro se plaintiff is entitled to at least one opportunity to amend where "a more carefully drafted complaint might state a claim," *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), leave to amend need not be granted where amendment would be futile. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

We review the denial of a Rule 60(b) motion for relief from judgment for abuse of discretion. *Willard v. Fairfield Southern Co.*, 472 F.3d 817, 821 (11th Cir. 2006). In relevant part, Rule 60(b) allows for relief from "a final judgment, order, or proceeding" on grounds of "mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial . . . fraud . . . misrepresentation, or

4

misconduct by an opposing party; the judgment['s] void[ness] . . . or any other reason that justifies relief.  Fed. R. Civ. P. 60(b)(1)-(4), (6).

### III

The Lanes argue that (1) the district court erred in dismissing their complaint with prejudice because they properly stated - or at a minimum should have been given leave to replead - a quiet title claim; (2) the district court improperly considered materials beyond the four corners of the complaint at the motion-to-dismiss stage; and (3) the district court improperly denied their Rule 60(b) motion.[2]

The Lanes first contend that the district court erroneously dismissed their quiet title claim because their allegations stated a claim as pled.  A claim for quiet title in Florida "must not only show title in the plaintiff to the lands in controversy, but also that a cloud exists, before relief can be given against it."  *Stark v. Frayer*, 67 So. 2d 237, 239 (Fla. 1953).  *See also Trs. of Internal Improvement Fund of Fla. v. Sutton*, 206 So. 2d 272, 274 (Fla. 3d DCA 1968) ("It is well settled that he who comes into equity to get rid of a cloud upon his own title must show clearly the validity of his own title and the invalidity of his opponents.").

---

[2] The Lanes also assert that they were entitled to amend their complaint once as of right under Florida Rule of Civil Procedure 1.190.  This argument fails, however, because the Florida Rules of Civil Procedure do not apply in federal court.

The district court properly dismissed the Lanes' complaint for failure to state a claim.  Accepting the Lanes' allegations as true and construing them in the light most favorable to the Lanes, the Lanes did not allege sufficient facts to plausibly show that Bank of America's interest in the property was invalid, and that the underlying mortgage or assignment was a cloud on their title.  The Lanes hinge their quiet title claim on the failure of Guaranty Bank and Bank of America to respond to their demands for proof of the validity of the mortgage and assignment. The banks' failure to respond to the Lanes' unilateral demands, however, is legally insufficient to create a cloud on their title.  The Lanes merely offer their own unsupported, subjective belief that the failure to respond rendered the mortgage and assignment invalid.  This subjective belief, however, does not rise to the level of stating a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678.  Because the banks' failure to respond did not render the mortgage and assignment invalid or create a cloud on the Lanes' title, the district court did not abuse its discretion in concluding that amendment would have been futile.  *See Cockrell*, 510 F.3d at 1310.[3]

---

[3] We likewise reject the Lanes' argument that the district court violated their due process rights by dismissing their complaint. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) ( "Plaintiff cites no authority, nor do we know of any, which supports his contention that constitutional due process requires that a plaintiff always be afforded a chance to amend his complaint.").

Moreover, to the extent that the district court considered the purported loan documents and demand letters that the Lanes attached to their complaint in deciding that dismissal was appropriate, it did not err in doing so. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (noting that courts "ordinarily examine . . . documents incorporated into the complaint by reference" in ruling on motions to dismiss). Nor did the district court abuse its discretion in denying the Lanes' motion for rehearing. Although the Lanes cite the language of Rule 60(b), they do not explain their entitlement to any of the grounds for relief set forth in the rule. To the extent their brief can be read to take issue with the district court's purported imposition of dismissal with prejudice as a sanction against them, such an argument is misguided. The district court dismissed their complaint for failure to state a claim under Rule 12(b)(6), not as a punitive sanction.

## IV

The district court's dismissal of the Lanes' complaint with prejudice and denial of the Lanes' motion for relief from judgment are affirmed.

**AFFIRMED.**