IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

HASSANE ALAOUI,

       Appellant,

 v.                                                                    Case No.  5D15-1303

WESTFIELD LAKES PROPERTY
OWNERS, ETC., ET AL.,

       Appellees.

_____/

Opinion filed July 8, 2016

Appeal from the Circuit Court
for Orange County,
Theotis Bronson, Judge.

Hassane Alaoui, Winter Garden, pro se.

Neil A. Saydah and Eric P. LaRue, III, of
Saydah Law Firm, Oviedo, for Appellee,
Westfield Lakes Property Owners.

No Appearance for other Appellees.


PER CURIAM.

      Hassane Alaoui appeals the final judgment of foreclosure entered in favor of

Westfield Lakes Property Owner's Association, Inc. ("HOA") after the trial court granted a

motion for summary judgment in the HOA's action to foreclose its lien against Alaoui's

property for unpaid assessments.  Alaoui admitted liability in his answer to the complaint.

As to damages, however, he argues, *inter alia*, that the HOA charged him excessive and duplicative fees and that genuine issues of material fact exist as to the amount he owed the HOA. Alaoui also contends that the $100 demand letter fee was duplicated in the attorney's fees award and that the attorney's fee award exceeded the work actually performed by the HOA's counsel by three work hours or $600.

We find no error in the trial court's granting of summary judgment to the HOA on liability, damages, and entitlement to attorney's fees. However, because Alaoui has raised a genuine issue of material fact as to the award of attorney's fees in regards to the allegedly duplicative $100 demand letter fee[1] and to the three additional hours the HOA's counsel predicted in his affidavit would be necessary to obtain the final judgment,[2] we reverse the amount of attorney's fees awarded and remand for a hearing on those specific issues. See Day v. State Farm Fire & Cas. Co., 611 So. 2d 105, 106 (Fla. 5th DCA 1992) (concluding where summary judgment evidence submitted by the moving party is open to at least two different interpretations, a genuine issue of material fact is raised precluding summary judgment even if the party opposing the motion has not filed an counter affidavit or submitted counter evidence). In all other respects, we affirm.

AFFIRMED in part, REVERSED in part, and REMANDED.

TORPY, BERGER and LAMBERT, JJ., concur

---

[1] The $100 fee, which was charged to Alaoui's account on March 20, 2013, refers to the intent to foreclose letter drafted by the HOA's counsel. The letter was included as part of the summary judgment record, authenticated by the HOA's affidavit, and satisfied a condition precedent to foreclosure. It is not clear that this $100 fee was not also included in the attorney's fees awarded in the final judgment, which would render it duplicative. See Cuervo v. W. Lake Vill. II Condo. Ass'n, 709 So. 2d 598, 599-600 (Fla. 3d DCA 1998).

[2] The HOA concedes that the attorney's fees award was mathematically incorrect.